

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FEB 1 1 2008 *alw*
Feb 11, 2008
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

United States of America ex rel.                    )
                                                    )
<u>Montez Baker, Reg. No. K-70097</u>               )
(Full name and prison number)                       )
(Include name under which convicted)                )
                                                    )       **08CV918**
PETITIONER                                          )       **JUDGE CONLON**
                                                    )       **MAGISTRATE JUDGE COX**
            vs.                                     )
                                                    )
<u>Donald A. Hulick, Warden</u>                     )
(Warden, Superintendent, or authorized              )
person having custody of petitioner)                )
                                                    )
RESPONDENT, and                                     )
                                                    )
**(Fill in the following blank <u>only</u> if judgment**  )
**attacked imposes a sentence to commence**         )
**in the future)**                                  )
                                                    )
ATTORNEY GENERAL OF THE STATE OF                    )       Case Number of State Court Conviction:
                                                    )
                                                    )       <u>00-CR-20175</u>
<u>                              </u>               )
(State where judgment entered)                      )

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: <u>Circuit Court of Cook County, in</u>

<u>Chicago, IL., before Judge Evelyn B. Clay-2650 S. California Ave, 60608</u>

2.  Date of judgment of conviction: <u>September 9, 2002</u>

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

<u>Two counts first degree murder; one count of aggravated battery.</u>

4.  Sentence(s) imposed: <u>30-years for murder; 5-years aggravated battery.</u>

5.  What was your plea?  (Check one)         (A) Not guilty        ( X )
                                             (B) Guilty            (   )
                                             (C) Nolo contendere   (   )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

<u>                              N/A                              </u>

Revised: 7/20/05

## PART I TRIAL AND DIRECT REVIEW

1. Kind of trial:  Judge only (X)

2. Did you testify at trial?  (NO)

3. Did you appeal from the conviction or the sentence imposed (Yes)

    (A) If you appealed, give the
       (1) Name of Court:  Ill. First Judicial Apellate Court
       (2) Result:  Affirmed Conviction/Vacaterd & Remanded for
                  Resentencing.
       (3) Date of ruling: November 4,2004 (Unpublished Opinion).
       (4) Issues raised: First degree murder should be reduced to
                  degreé murder because the evidence
                  established that at the time of the killing
                  Baker acted under a sudden and intense
                  passion resulting from serious provocation
                  of mutual combat.
                  Sentence imposed by trial Court was
                  excessive, should be reduced.
                  Sentence order should be amended to a
                  Single Offense of first degree 1act 1crime.
    (B) If you did not appeal, explain briefly why not: N/A.

4. Did you appeal, or seek leave to appeal,to the highest state
    court?(Yes)
    (A) If yes, give the
       (1) Result:  Petition for Leave To Appeal Denied
       (2) Date of ruling:  March 30,2005
       (3) Issues raised: Same as above in number (4).

5. Did you pretition the United States Supreme Court for a writ
    of Certiorari? (No).

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Circuit Court of Cook county.

   B. Date of filing: September 3, 2005 (mailed for filing).

   C. Issues raised: Ineffective assistance of counsel for failing to investigate medical examiner's report, and for stipulating to the medical examiner's report.

   D. Did you receive an evidentiary hearing on your petition?     YES ( )   NO (X)

   E. What was the court's ruling? Summarily Dissmissal/Without Appointed Counsel.

   F. Date of court's ruling: N/A

   G. Did you appeal from the ruling on your petition?     YES (X)   NO ( )

   H. (a)   If yes, (1) what was the result? Affirmed

             (2) date of decision: October 25, 2006

      (b)   If no, explain briefly why not: N/A

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES ( X )   NO ( )

      (a)   If yes, (1) what was the result? Denied

             (2) date of decision: MARCH 2007

      (b)   If no, explain briefly why not: N/A

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?     YES ( )          NO (X)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.   Nature of proceeding          N/A

        2.   Date petition filed            N/A

        3.   Ruling on the petition         N/A

        4.   Date of ruling              N/A

        5.   If you appealed, what was      N/A
             the ruling on appeal?

        6.   Date of ruling on appeal       N/A

        7.   If there was a further appeal,    N/A
             what was the ruling ?

        8.   Date of ruling on appeal       N/A

3.   With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?  YES ( )  NO (X)

    A. If yes, give name of court, case title and case number:      N/A

                N/A

    B. Did the court rule on your petition? If so, state     N/A

        (1) Ruling:                    N/A

        (2)   Date:       N/A

4.   With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )         NO (X)

    If yes, explain:           N/A

Revised: 7/20/05

**PART III – PETITIONER'S CLAIMS**

1.   State <u>briefly</u> every ground on which you claim that you are being held unlawfully.  Summarize <u>briefly</u> the <u>facts</u> supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)   Ground one   (Sixth Amendment Violation Of Right To Effective Counsel)
Supporting facts (tell your story <u>briefly</u> without citing cases or law):

(See, pages 5(a) thru 5(d), attached hereto).

(B)   Ground two   (Sixth, Eighth And Fourteenth Amendment Violations Of The Right
Supporting facts:  To Have Mitigation Evidence Considered During Sentencing)

(See, pages 5(e) thru 5(f), attached hereto).

Revised: 7/20/05

Ground One: (Sixth Amendment Violation of Right To Effective Counsel)
The Sixth Amendment To The United States Constitution Guarantees
A Right To Counsel In Every Criminal Case. Johnson v. Zerbst, 304
U.S. 458 (1938). The Sixth Amendment Guarantees A Fundamental Right
Which Is Applicable In State Criminal Proceedings As A Matter Of
Due Process Of Law Under The Fourteenth Amendment. Gideon v. Wain-
right, 372 U.S. 335 (1963). The Right To Counsel Includes The Right
To Effective Representation Of Counsel. Strickland v. Washington,
466 U.S. 688 (1984).

Petitioner, Montez Baker, seeks equitable relief, and an issuances of writ
of habeas corpus relief from the United States Federal Court, and request prompt
federal intervention from the denial of his federal protected constitutional right
to effective assistance of counsel, in violation of the 6th Amendment of the United
States Constitution, under the Due Process Clause.

Petitioner's conviction for murder arose from the fatal stabbing of Darryl
Landry during an altercation over some food on July 25, 2000, at 624 West Division
Street in Chicago. Petitioner's defense at trial was that Landry was killed dur-
ing mutual combat. A full recitation of the facts was presented in petitioner's
direct appeal. In petitioner's written confession, he admitted that he and
Landry had gotten into an argument earlier that day. About an hour later, peti-
tioner encountered Landry again, walked over to him, kicked his feet, and told
him to leave because he was still angry with Landry. The men continued to argue.
Landry followed petitioner into the kitchen where petitioner grabbed a butcher's
knife with a six or eight inch blade and began waiving the knife at Landry.
Landry then punched petitioner in the face and the two wreatled. Petitioner then
stabbed Landry multiple times, fled, and dropped the knifed and his clothing
down a trash incinerator.

Petitioner filed a petition for post-conviction relief, and alleged inter
alia, trial counsel failed to investigate, interview and call the medical examiner
to testify, rather than merely stipulating to the medical examiner's testimony.

Petitiner contended in the his state court post-conviction petition, that the medical medical examiner's protocol, or report of the autpsy, would have provided information about the angles, depth, and size of the stab wounds to Landry's back.

Several eyewitnesses to the altercation testified that petitioner had a knife in his hand and that Landry was weaponless during the entire altercation. Kelly Sandifer testified that petitioner stabbed Landry several times in the back and that Timothy Harper and Kip Bell tries to break up the fight.

During the trial, the parties stipulated (including Baker's counsel) that Dr. Mitra Kalekar, of the Cook County Medical Examiner's Office, performed an autopsy on Landry and prepared a post-mortem examination report which was admitted into evidence at trial. The report revealed that Landry died from multiple stab wounds, includung several downward stab wounds to his back. The report revealed the specific location, size, shape, and angle of the wounds.

In the post-conviction petition, the petitioner alleged trial counsel was ineffective for failing to investigated or call Dr. Kalekar as a witness. The petitioner argued that had such an investigation been done, and had counsel called the medical examiner to testify, counsel could have demonstrated that the "tracks" of the stab wounds inflicted by petitioner supported a theory of mutual combat, and could have refuted the trial court's inference that Landry was attempting to flee from petitioner. Petitioner additionally argued that appellate counsel's effective assistance for failing to raise this claim on direct appeal. the post-conviction court summarily dismissed the petition without appointing counsel.

On appeal, the Illinois Appellate Court affirmed the judgment of the circuit court, and held that "....although a petition need not present all of the details at the first stage, the petition must at least present some details." "Without

some detail, the petition fails to state the gist of a meritorious claim of ineffective assistance of counsel. For the same reason, we reject petitioner's claim regarding ineffective assistance of appellate counsel."

As argued in petitioner's appellant brief at page 15, the no mention of the location, size, or angle of the stab wound Landry received was critical to petitioner's defense, as it could have refuted the judge's contention that Landry was trying to flee from Baker when Baker stabbed him, as this belief on the part of the judge eviscerated petitioner's mutal combat defense. Petitioner was entitled to a full and fair evidenitary hearing. At the very least, the medical examiner's evidence carried the potential of showing that due to the nature of Landry's wounds, Landry was not trying to flee from the petitioner, creating a reasonable probability that Baker's mutal combat defense would have succeeded.

The failure to call Dr. Mitra Kalekar was prejudicial because it left the trier of fact with untroverted evidence, where the trial court concluded that the petitioner armed himself with a deadly weapon before he was punched, and that the stab wounds to the back evidenced a violent agression toward Landry and that Landry was possibly attempting to get away from petitioner; and the trial court further found that Landry put petitioner in a choke hold to protect himself. The investigating and interviewing of Dr. Kalekar carried the potential of creating doubt about the petitioner's alleged aggression, but also undermines the confidence in the outcome of Montez Baker's trial, and resulting conviction.

The petitioner, submits that counsel's failure to procure and call Dr. Kalekar denied him of his federal constitutional right, as clearly established, at the time of his State court trial, set forth in both, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); and <u>United States v. Cronic</u>, 466 U.S. 648 (1984).

The decision of the Illinois Appellate Court affirming the dismissal of the post-conviction claim, and the Illinois Supreme Court denial of the petition for

leave to appeal; 1) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding; 2) was contrary to, and involved an unreasonable application of clearly established federal law as determined by the Supreme Court, <u>inter alia</u>, cases of <u>Strickland</u> and <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369, 113 S.Ct 838, 842, 122 L.Ed.2d 180 (1993).

Thus, pursuant to Title 28 §2254(d)(2), the petitioner invokes the entitlement for habeas corpus relief, submit this <u>pro-se</u> petition for such writ, and request that this Court find that his constitutional rights to effective assistance of trial counsel and effective assistance of counsel on direct appeal were violated.

Ground Two: (Sixth, Eighth And Fourteenth Amendment Violations Of The
Right To Have Mitigation Evidence Considered During Sentencing)
The Fourteenth Amendment To The United States Constitution Guar-
antees A Right To Present Mitigating Evidence During The Sentencing
Phase In Every Criminal Case. Hitchcock v. Dugger, 481 U.S. 393,
394 (1987). The Sixth Amendment Guarantees A Fundamental Right Which
Is Applicable In State Criminal Proceedings As A Matter Of Due Process
Of Law Under The Fourteenth Amendment. U.S. v. Cotton, 535 U.S. 625,
633-34 (2002). The Right To Present And Have Considered Factors Of
Mitigation Includes The Right To Present Such Mitigation Evidence
During Resentencing. Clemons v. Mississippi, 494 U.S. 738, 747 (1990).

Petitioner, Montez Baker, seeks equitable relief, and an issuances of writ

of habeas corpus relief from the United States Federal Court, and request prompt

federal intervention from the denial of his federal protected constitutional right

to present mitigation factors during resentencing, in violation of the 6th, 14th

and 8th Amendment of the United States Constitution, under the Due Process and

Equal Protection Clause, and the Illinois State Constitution (Article I, §2).

Petitioner 's conviction for murder resulted in a remand, whereas, the

Illinois Appellate Court vacated the concurrent sentences, and remanded for re-

sentencing and the omposition of consecutive sentences. See, People v. Baker,

No. 1-03-0688 (2004). (Unpublished Opinoin, pursuant to Illinois Supreme Court

Rule 23).

On remand, the petitioner was sentenced to consecutive prison terms of

25-years for murder and 5-years for aggravated battery. The petitioner filed

a motion to reconsider the sentence imposed. Petitioner then filed a timely

notice of appeal from that order, and denial of the motion to reconsider.

Under Illinois law, Ch. 730 ILCS 5-5-3(d) states that when a case is remanded

to the trial court for sentencing, the court must hold a hearing under section

5-4-1 which may include evidence of the defendant's life, moral character and

occupation during the time since the original sentence was passed. 730 ILCS

5/5-5-3(d) (West 2004).

-5(e)-

Section 5-4-1 of the Code provides in pertinent part that at a sentenc-
ing hearing, the court <u>shall</u> consider evidence and information offered by the
parties in aggravation and mitigation. 730 ILCS 5/5-4-1-(a) (West 2004).

The petitioner, submits that the trial court failure to allow the pre-
sentation of mitigation evidence during resentencing violated and denied him
of his federal constitutional right, as clearly established, at the time of
his State court resentencing hearing, set forth in both, <u>Hitchcock v. Dugger</u>,
481 U.S. 393, 394 (1987) ("sentencer may not refuse to consider or, 'be pre-
cluded from considering' any relevant mitigating evidence" (quoting <u>Skipper v.</u>
<u>S.C.</u>,476 U.S. 1, 4 (1986))); <u>U.S. v. Cotton</u>, "....errors may not be addressed
unless those errors are sufficiently serious to affect the fairness, integrity,
or public reputation of judicial proceeding. <u>Cotton</u>, 535 U.S. 625, 633-34 (2002).

The decision of the Illinois Appellate Court affirming the resentencing
process by the trial court, (but stated "....we agree with defendant that the
court's admonishments were incomplete; however, we find that he was neither
prejudiced nor denied real justice as a result, and that remand is not required."),
and the Illinois Supreme Court denial of the petition for leave to appeal; 1)
was based on an unreasonable determination of the facts in light of the evidence
presented in the state court proceedings; 2) was contrary to, and involved an
unreasonable application of clearly established federal law as determined by
the Supreme Court, <u>inter alia</u>, <u>Hitchcock v. Dugger</u>, 481 U.S. 393, 394 (1987);
and <u>Clemons v. Mississippi</u>, 494 U.S. 738, 747 (1990).

Thus, pursuant to Title 28 §2254(d)(2), the petitioner invokes the entitle-
ment for habeas corpus relief, submits this <u>pro-se</u> petition for such writ, and
request that this Court find that his constitutional right to have considered
mitigation evidence during resentencing were violated.

-5(f)-

(C)  Ground three _____ N/A _____
Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


(D)  Ground four _____ N/A _____
Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____


2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?

YES (X)  NO ( )

3.  If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

NOTE: It should be noted that an appeal was filed again by appellate counsel concerning the trial court resentencing; which was affirmed by the appellate court. A Petition for leave to appeal was filed, and was denied on May 31, 2007. (See, Petitioner Exhibit A, attached hereto).

6

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)  At preliminary hearing _____

(B)  At arraignment and plea _____

(C)  At trial _____

(D)  At sentencing _____

(E)  On appeal _____

(F)  In any post-conviction proceeding _____

(G)  Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )  NO ( X )

Name and location of the court which imposed the sentence: _____ N/A _____

Date and length of sentence to be served in the future _____ N/A _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on:  _2-7-08_
        (Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_Montez Baker_
(Signature of petitioner) Montez Baker

Reg. No. K-70097
(I.D. Number)

POB 711, Menard, IL 62259-0711
(Address)

Revised: 7/20/05

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.    )
                                    )
Montez Baker, Reg. No. K-70097      )
Petitioner,                         )
                                    )
        vs.                         )    Case No. 00 CR 20175
                                    )
Donald A. Hulick, Warden of Menard  )
Correctional Center.                )
Respondent.                         )

### N O T I C E   O F   F I L I N G

To: UNITED STATES COURT OF APPEALS, SEVENTH CIRCUIT

   CLERK OF THE COURT

   219 SOUTH DEARBORN ST./Attn.Prisoner/Pro.Se. Clerk

   CHICAGO, ILLINOIS 60604

   Please Take Notice that on this day 7 of __Feb,2008 I have
mailed for filing (1) Original and (2) copies to the United States
District Court of Illinois, Eastern Division "Petition for Writ
of Habeas Courpus pursuant to 735 ILCS 5/10-102 et.seq.".
With supporting documents and exhibits.
1-Copy to States Attorney Office.
Stamped filed copy please!              /s/ Montez Baker
                                        Montez Baker, No.K-70097


STATE OF ILLINOIS )
COUNTY OF RANDLOPH) SS


### CERTIFICATE OF SERVICE

   The undersigning being first duly sworn upon oath deposes and
state the (1) Original and (2) Copies of the foregoing was placed
in the Mail for delivery to the Clerk of the United States District
Court, Northern District of Illinois, Eastern Division on this day
7 , of Feb,2008 by placing the said and same into the proper
Prison Official hands to affix the proper First Class Postage and
placement in the U.S. Mail Service here at the Menard Corr. Ctr.
711 Kaskaskia St./ P.O. Box - 711, Menard, Illinois 62259-0711.

                        /s/ Montez Baker
                        Montez Baker, No.K-70097
                        MENARD CORRECTIONAL CENTER
                        711 KASKASKIA STREET
                        MENARD, ILLINOIS 62259-0711