**File Date:** _Apr 18, 2008_

**Case No:** _08 cv 918_

**ATTACHMENT #** _____

**EXHIBIT** _L - U_

**TAB (DESCRIPTION)** _____

NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

THIRD DIVISION
October 25, 2006

No. 1-05-3937

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Respondent-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 00 CR 20175 |
| | ) | |
| MONTEZ BAKER, | ) | Honorable |
| | ) | Evelyn B. Clay, |
| Petitioner-Appellant. | ) | Judge Presiding. |

ORDER

Following a bench trial, petitioner Montez Baker was convicted of the first degree murder

of Darryl Landry and the aggravated battery of Kip Bell and was sentenced to concurrent prison

terms of 30 years and 5 years, respectively.  On direct appeal, petitioner's convictions were

affirmed, his concurrent sentences were vacated, and the cause was remanded for resentencing

and the imposition of consecutive sentences.  People v. Baker, No. 1-03-0688 (2004)

(unpublished order pursuant to Supreme Court Rule 23).  On remand, petitioner was sentenced to

consecutive prison terms of 25 years and 5 years, respectively.

Subsequently, petitioner filed a petition for relief under the Post-Conviction Hearing Act

(the Act) (725 ILCS 5/122-1 et seq. (West 2004)), which the circuit court summarily dismissed

EXHIBIT L

1-05-3937

without appointing counsel. Petitioner contends on appeal that his petition stated the gist of a meritorious constitutional claim of ineffective assistance of counsel for failing to investigate and for stipulating to the medical examiner's report. For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

Petitioner's conviction for murder arose from the fatal stabbing of Darryl Landry during an altercation over some food on July 25, 2000, at 624 West Division Street in Chicago. Petitioner's defense at trial was that Landry was killed during mutual combat. A full recitation of the facts was presented in petitioner's direct appeal and will be repeated herein only to the extent necessary for a disposition of this appeal. In petitioner's written confession, he admitted that he and Landry had gotten into an argument earlier that day. About an hour later, petitioner encountered Landry again, walked over to him, kicked his feet, and told him to leave because he was still angry with Landry. The men continued to argue. Landry followed petitioner into the kitchen where petitioner grabbed a butcher's knife with a six or eight inch blade and began waiving the knife at Landry. Landry then punched petitioner in the face and the two wrestled. Petitioner then stabbed Landry multiple times, fled, and dropped the knife and his clothing down a trash incinerator.

Several eyewitnesses to the altercation testified that petitioner had a knife in his hand and that Landry was weaponless during the entire altercation. Kelly Sandifer testified that petitioner stabbed Landry several times in the back and that Timothy Harper and Kip Bell tried to break up the fight. At that point, Landry was already bleeding from his head and back and was holding

- 2 -

1-05-3937

petitioner's arms down "so he won't get stabbed again." Bell testified that when he entered the room, he saw Landry holding petitioner's arm against the wall "so he wouldn't stab him." Bell saw petitioner stab Landry in the back and saw that Landry's back was bleeding. Bell grabbed the two men by their legs and they fell to the ground. Landry then put petitioner in a headlock.

Harper testified that as Bell tried to break up the fight, the two men fell to the floor and that Landry was already bleeding. Harper then stepped on the knife in an unsuccessful attempt to get it away from petitioner. While petitioner was on the ground, the knife was in his hand, resting on the floor, and Landry was over petitioner's back, holding him around his neck, but Landry ultimately lost consciousness and fell to the ground. The parties stipulated that Dr. Mitra Kalekar, of the Cook County Medical Examiner's Office, performed an autopsy on Landry and prepared a post-mortem examination report which was admitted into evidence at trial. The report revealed that Landry died from multiple stab wounds, including several downward stab wounds to his back. The report revealed the specific location, size, shape, and angle of the wounds.

The trial court rejected petitioner's mutual combat theory. In doing so, the trial judge noted that she had read the medical examiner's report. She found that petitioner had armed himself with a deadly weapon before he was punched, and that the stab wounds to the back evidenced a violent aggression toward Landry and that Landry was possibly attempting to get away from petitioner. She further found that Landry put petitioner in a choke hold to protect himself. We affirmed petitioner's conviction for first degree murder on direct appeal. People v. Baker, No. 1-03-0688 (2004) (unpublished order pursuant to Supreme Court Rule 23)

ANALYSIS

- 3 -

1-05-3937

Petitioner's contention on appeal is that trial counsel was ineffective for failing to investigate or call Dr. Kalekar as a witness. Petitioner argues that had such an investigation been done, and had counsel called the medical examiner to testify, counsel could have demonstrated that the "tracks" of the stab wounds inflicted by petitioner supported a theory of mutual combat, and could have refuted the trial court's inference that Landry was attempting to flee from petitioner. Petitioner additionally argues appellate counsel's ineffective assistance for failing to raise this claim on direct appeal.

Dismissal at the first stage of a postconviction proceeding is warranted when the trial court independently reviews the postconviction petition and determines that "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2004); People v. Coleman, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998). A postconviction petition is considered frivolous or patently without merit if the allegations in the petition fail to present the "'gist of a constitutional claim.'" To set forth the "gist" of a constitutional claim, the petition "'need only present a limited amount of detail'" and hence need not set forth the claim in its entirety. People v. Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001), quoting People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1992). Additionally, a petitioner's failure to either attach the necessary affidavits, records, or other evidence supporting the petitions allegations or explain their absence will itself justify the petition's summary dismissal. 725 ILCS 5/122-2 (West 2004); People v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002). On appeal from a first-stage dismissal, this court reviews the trial court's decision *de novo*. Edwards, 197 Ill. 2d at 247, 757 N.E.2d at 447.

- 4 -

1-05-3937

This court reviews ineffective assistance of counsel claims under the standard set forth in

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under

Strickland, a petitioner must prove that (1) counsel's performance was deficient; and (2) the

deficient performance prejudiced the defense in that absent counsel's deficient performance, there

is a reasonable probability that the result of the proceeding would have been different.

Strickland, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698; People v.

Evans, 209 Ill. 2d 194, 219-20, 808 N.E.2d 939, 953 (2004). Under the first Strickland prong,

the petitioner must demonstrate that his attorney's performance fell below an objective standard

of reasonableness. Evans, 209 Ill. 2d at 220, 808 N.E.2d at 953. Regarding the second

Strickland prong, a reasonable probability that the result would have been different is a

probability sufficient to undermine confidence in the outcome-or put another way, that "counsel's

deficient performance rendered the result of the trial unreliable or fundamentally unfair." Evans,

209 Ill. 2d at 220, 808 N.E.2d at 953-54. A reasonable probability of a different result is not

merely a possibility of a different result. Evans, 209 Ill. 2d at 220, 808 N.E.2d at 954. To

prevail, a defendant must satisfy both the performance and prejudice prongs of Strickland.

Evans, 209 Ill. 2d at 220, 808 N.E.2d at 954.

Applying these principles to the present case, petitioner's allegations are inadequate to

demonstrate the gist of a meritorious claim of incompetent representation. Initially, with respect

to the investigation, the record reflects that counsel disclosed Dr. Kalekar to the prosecution as a

potential witness, evidencing that counsel did not fail to investigate, but, rather, strategically

chose not to call the medical examiner at trial, and instead chose to stipulate to the medical

1-05-3937

examiner's report. See People v. Deloney, 341 Ill. App. 3d 621, 634, 793 N.E.2d 189, 200

(2003). Furthermore, to the extent that petitioner claims counsel failed to investigate "where

[petitioner] stabbed the deceased," that information was indeed contained in the medical

examiner's report and was therefore already considered by the finder of fact. Accordingly,

petitioner's allegations of deficient performance fail.

Moreover, although a petition need not present all of the details at the first stage, the

petition must at least present some details. Edwards, 197 Ill. 2d at 244, 757 N.E.2d at 445. In

the present case, petitioner presented no facts to support his conclusory allegation. On direct

appeal, we explained that mutual combat would not be found where (1) the evidence showed that

petitioner was the aggressor, or (2) where his actions were disproportionate to the provocation.

The evidence at trial revealed that petitioner was the aggressor as he initiated the combat, by

kicking Landry and waving a knife at him before any wrestling began. The evidence also

revealed that petitioner's actions were disproportionate where he wielded a butcher's knife and

Landry was, by all accounts, weaponless during the entire struggle. Furthermore, there was

ample evidence to support the trial court's finding that Landry was attempting to stop petitioner

from stabbing him. People v. Baker, No. 1-03-0688 (2004).

Although on appeal from his postconviction petition, petitioner argues that the medical

examiner's testimony "could have supported [petitioner's] mutual combat theory," petitioner

fails to allege what, if anything, the medical examiner would have testified to and has failed to

explain how that testimony would have impacted the trial court's findings that petitioner was the

aggressor and that his actions were disproportionate to any provocation by Landry. As such, he

1-05-3937

cannot establish a reasonable probability that the outcome of the trial would have been different.

Without some detail, the petition fails to state the gist of a meritorious claim of ineffective

assistance of counsel.  For the same reasons, we reject petitioner's claim regarding ineffective

assistance of appellate counsel.  Accordingly, we affirm the judgment of the circuit court.

Affirmed.

THEIS, P.J., with GREIMAN and KARNEZIS, JJ., concurring.

- 7 -

**103828**

No. _____

**ORIGINAL**

IN THE
SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE ~~OF THE~~ STATE OF ILLINOIS, | )   Petition for Leave to Appeal from the |
| | )   Appellate Court of Illinois, First |
| | )   District, No. 1-05-3937 |
| Respondent-~~Appellee.~~ | ) |
| | )   There heard on Appeal from the Circuit |
| | )   Court of Cook County, Illinois |
| -v~~s~~- | )   No. 00-CR-20175 |
| | ) |
| MONTEZ BAKER, | )   The Honorable |
| | )   Evelyn B. Clay, |
| Petitioner-~~Appellant.~~ | )   Judge Presiding. |
| | ) |

**PETITION FOR LEAVE TO APPEAL**

Prepared by:
Montez Baker, Pro-Se

Montez Baker
Reg. No. K-70097
P.O. Box 711
Menard Correctional Center
Menard, Illinois 62259-0711

**FILED**

DEC 7 - 2006

**SUPREME COURT CLERK**

R-102506
No RH

No. _____

IN THE
SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Petition for Leave to Appeal from the |
| | ) | Appellate Court of Illinois, First |
| Respondent-Appellee, | ) | District, No. 1-05-3937 |
| | ) | |
| | ) | There heard on Appeal from the Circuit |
| | ) | Court of Cook County, Illinois |
| -vs- | ) | No. 00-CR-20175 |
| | ) | |
| MONTEZ BAKER, | ) | The Honorable |
| | ) | Evelyn B. Clay, |
| Petitioner-Appellant. | ) | Judge Presiding. |
| | ) | |

## PRAYER FOR LEAVE TO APPEAL

Montez Baker, petitioner-appellant, hereby petitions this Court for leave
to appeal, pursuant to Supreme Court Rules 315 and 612, from the judgment of
the Appellate Court, First District, Third Division, affirming his the Circuit
Court summarily dismissal of the petitioner-appellant's petition for relief
under the Post-Conviction Hearing Act, Ch. 725 ILCS 5/122-1 et seq., (West 2004).

-1-

## PROCEEDINGS BELOW

The appellate court affirmed Montez Baker's summarily dismissal of the
of his petition for relief under the Post-Conviction Hearing Act on October
25, 2006. On November 3,  2006 the petitioner-appellant cause to be mailed
for file an Affidavit of Intent To File Petition For Leave To Appeal. However,
subsequently the petitioner-appellant learned that the Supreme Court Rules
had changed, and the filing of ab affidavit of intent was no longer required.
No petition for rehearinh was filed. A copy of the appellate court's judgment
is contained in the appendix of this petition. (See, Pet. Exhibit-A attached).

The prior proceedings in this case was a bench trial, where Montez Baker
was convicted of the first degree murder of Darryl Landry and the aggravated
battery of Kip Bell and was sentenced to current prison terms of 30 years and
5 years, respectively. On direct appeal, petitioner's conviction were affirmed,
his current sentences were vacated, and the cause was remanded for resentencing
and the imposition of consecutive sentences. People v. Baker, No. 1-03-0688 (2004)
(unpublished order pursuant to Supreme Court Rule 23). On remand, petitioner was
sentenced to consecutive prison terms of 25 years and 5 years, respectively.

-2-

## COMPELLING REASONS FOR GRANTING REVIEW

The appellate court erred in affirming the trial court's summary dismissal of Mr. Baker's section Ch. 725 ILCS 5/122-1 petition for relief under the Illinois Post-Conviction Hearing Act. The matter at issue in this appeal is whether it is proper for a Circuit Court enter an order denying the post-conviction petition as frivolous and patently without merit, where the petition for post-conviction relief did indeed set forth the gist of a constitutional claim that his trial attorney was ineffective for stipulating to the medical examiner's testimony, where the testimony could have supported Baker's claim that he stabbed the victim in self-defense.

To hold as did the Appellate Court below , that the "...petitioner's allegations are inadequate to demonstrate the gist of a meritorious claim of incompetent representation", not only cruelly distorts the totality of the circumstances, but also stands in stark constrast to authority from the United States Supreme Court, from this Honorable Court, and even from the very same district of the Appellate Court on the issue of ineffective assist- ance of counsel, as well as the constitutional yardstick the Illinois Appellate court has used to measure whether a defendant in this State has received adequate representation. (See, October 25, 2006 Slip Opinion, at Pp. 3-4, of Appendix, attached hereto, as Pet. Exhibit-A).

-3-

## STATEMENT OF FACTS

On September 9, 2002, following a bench trial, Montez Baker was found guilty of two counts of first degree murder of Daryl Landry, and one count of aggravated battery of Kip Bell. (D.A. Sup. R. Vol., 155). At sentencing, the Court sentenced Baker to 30 years in prison on the two counts of first degree murder, merged for sentencing (D.A. Sup. R. Vol. 2, 62-63, C-91). The Court also sentenced Baker to a term of five years for aggravated battery, to run concurrent with the murder sentence. (D.A. Sup. R. Vol. 2, 63; C-91). Baker's motion to reconsider sentence was denied. (D.A., R. 4).

Subsequently, on direct appeal, the Appellate Court affirmed Baker's conviction, and remanded the case for resentencing, finding that the circuit court was required to impose consecutive, rather than concurrent, sentences. People v. Baker, 1-03-0688, Order at 7-8 (November 4, 2004)(unpublished Order pursuant to Supreme Court Rule 23). Pursuant to the Appellate Court's order, the circuit court, on May 31, 2005 resentenced Baker to 25 years for the murder, consecutive to 5 years for the aggravated battery. (R.Supp. C-2). Thereafter, on June 22, 2005 Baker filed a timely notice of appeal, and that case is pending separately before the Illinois Appellate Court on an issue of resentencing.

On September 3, 2005, Baker mailed for filing his pro-se petition for post conviction relief. (P.C. C-19). Baker raised as a claim that he was denied effective assistance of counsel where his trial attorney failed to investigate, interview, and call the medical examiner to testify, rather than merely stipu-lating to the medical examiner's testimony. (P.C. C-29). Baker stated that the medical examiner's protocol, or report of the autopsy, would have included

-4-

information about the angles, depth, and size of the stab wounds to the back. (P.C. C-29, 30). The circuit court, when finding Baker guilty, stated that Landry must have been trying to get away from Baker at the time Baker stabbed him, and that the evidence thus did not support Baker's claims of either self-defense or second degree murder. (P.C. C-31). Baker therefore argued that the protocol would have supported the fact that Landry was not trying to flee at the time of the stabbing, and that his attorney was ineffective for stipulating to the medical examiner's testimony, rather than investigating the angels of the wounds, and then questioning the medical examiner as a witness at trial. (P.C. C-32). Finally, Baker argued that he was deined his right to due process and his right to a fair trial when the circuit court sentenced him to consecutive sentences. (P.C. C-36).

On October 21, 2005, the circuit court entered an order denying the post-conviction petition as frivolous and patently without merit. (P.C. C44-49). Thereafter, Baker filed a timely notice of appeal. (P.C. C-52).

ARGUMENT

**TO HOLD AS DID THE APPELLATE COURT BELOW, THAT THE "PETITIONER'S ALLEGATIONS ARE INADEQUATE TO DEMONSTRATE THE GIST OF A MERITOROUS CLAIM OF INCOMPETENT REPRESENTATION" WHERE BAKER ALLEGED THE GIST OF A CONSTITUTIONAL CLAIM THAT HIS TRIAL COUNSEL RENDERED HIM IN-EFFECTIVENESS OF COUNSEL FOR STIPULATING TO THE MEDICAL EXAMINER'S TESTIMONY, STANDS IN STARK CONSTRAST TO THE AUTHORITY UNDER BOTH, STRICKLAND v. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052 (1984), AND ILLINOIS SUPREME COURT AUTHORITY UNDER, PEOPLE v. COLEMAN, 183 Ill. 2d 366, 387-88, 701 N.E.2d 1063 (1998).**

Under the Post-Conviction Hearing Act, a trial court is required to re-view a pro-se post-conviction petition within 90-days of filing. 725 ILCS 5/122-2.1(a)(West 2001). If the petition is "frivolous or patently without merit," it may be summarily dismissed. 725 ILCS 5/122-2.1(a)(2). The summary dismissal of a post-conviction petition presents a legal question subject to de novo review. See, People v. Coleman, 183 Ill. 2d 366, 387-88, 701 N.E.2d 1063 (1998).

A pro-se post-conviction petition should not be summarily dismissed un-less, "liberally construing the petition in favor of the petitioner," and "accepting as true all facts pleaded in the petitioner's papers," the peti-tion fails to articulate "the gist of a claim for relief." Coleman, 183 Ill. 2d at 380 (quoting People v. Jennings, 411 Ill. 21, 26, 102 N.E.2d 824 (1952)); People v. Lopez, 317 Ill.App.3d 1047, 1053, 740 N.E.2d 1179 (1st Dist. 2000). Accord People v. Boclair, 202 Ill. 2d 89, 789 N.E.2d 734 (2002). "Requiring pro-se petitioners to state their claims in greater detail than this would have the practical effect of depriving many such petitioner of their right of meaningful access to the courts." People v. Von Perbandt, 211 Ill.App.3d 951, 955, 583 N.E.2d 90 (1st Dist. 1991)(quoting People v. Dredge, 148 Ill.App.3d 911, 913, 500 N.E.2d 445 (4th Dist. 1986)). Also see, People v. Edwards, 197 Ill. 2d 239, 245, 757 N.E.2d 442 (2001)("gist" standard is "something less

-6-

than completely pled or fully stated claim" and therefore pro-se petitions need not be factually complete"). "The process at the summary review stage measures a petition's substantive virtue rather than its procedural compliance." Boclair, 202 Ill. 2d at 102. Because Baker's petition raised the gist of a meritious constitutional issue, this Court should fine that the Appellate Court erred by not remanding this case back to the circuit court for appointment of counsel and further proceedings on the petition.

Baker's pro-se post-conviction petition was improperly dismissed because it presents the gist of a constitutional claim. Baker alleges in his pro-se petition that his trial attorney was ineffective with regard to the medical examiner's testimony. (P.C. C32). He also alleges that his attorney on direct appeal was ineffective in failing to raise this issue. (P.C. C35). A defendant is guaranteed the right to effective assistance of counsel under the United States and Illinois Constitutions. This right applies to both trial counsel and counsel on appeals as of right. U.S. Const., Amends. VI, XIV; Ill.Const. 1970, art. I, §8; Strickland v. Washington, 465 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L. Ed.2d 821 (1985).

On review, the Appellate Courtoverlook and misapprehend cruical points in the petitioner's favor, in particular, the legal principles relied on by the Appellate Court on the issue ineffective assistance of counsel, should not have been so rigidly applied in this case. Here, the below reviewing court's finding are misplaced, and their reliance on both People v. Evans, 209 Ill. 2d 194, 219-20, 808 N.E.2d 939, 953 (2004); and People v. Deloney, 341 Ill. App. 3d 621, 634, 793 N.E.2d 189, 200 (2003) cannot be applied where the facts and circumstances are clearly different.

-7-

In Evans, the defendant argued on appeal, that the admission of a statement permitted the jury to conclude that he was guilty because of the statements made about his desire to kill his grandmother. Should have been objected to by his trial counsel, and the failure to do so rendered ineffective assistance of counsel.

Likewise, in People v. Deloney, 793 N.E.2d 189, 200 (2003) the defendant alleged that trial counsel failure to present evidence and call witness on his behalf constituted ineffective assistance of counsel. The Deloney, court found that, "...decision on what evidence to present and which witnesses to call on a defendant behalf rest with trial counsel and, as matters of trial strategy, are generally immune from claims of ineffective assistance of counsel. The court went on to hold that "...the record reveals that defense counsel conducted significant adverial testing including the challenge of eyewitness testimony and identifications, presentation of a motion to suppress defendant's statement's allegations of police brutality...". However, the defendant offered no evidence to rebut the persumption that counsel's conduct fell within the range of reasonable professional performance. Citing, Strickland v. Washington, 466 U.S. 668, at 689 the reviewing court held that they found counsel's decision not to call expert witnesses to challenge the eyewitness testimony does not constitute ineffective of counsel.

In the case at bar, Baker has alleged that he receive ineffective assistance of counsel due to trial counsel decision to stipulate to the medical examiner's testimony, where counsel obviously knew that the medical examiner was available as a potential witness. As argued in Baker's appellant brief at page 15, the no mention of the location, size, or angle of the stab wounds Landry received was critical to Baker's defense, as it could have refuted the

-8-

judge's contention that Landry was trying to flee from Baker when Baker
stabbed him, as this belief on the part of the judge eviscerated Baker's
mutual combat defense. At the very least, the medical examiner's evidence
carried the potential of showing that due to the nature of Landry's wounds,
Landry was not trying to flee from Baker, creating a reasonable probability
that Baker's mutual combat defense would have succeeded.

And as explained at page 16 of Baker's appellant brief, he did not attach
an affidavit from the medical examiner, and made a diligent effort to obtain
certain records from his trial attorney. As is apparent from Baker's letters
and his trial attorney responses, his attorney in effect ignored his request.
(P.C. C39,40,41,42 and 43).

The Sixth Amendment right to counsel exist in order to protect funda-
mental right to fair trial, and thus right to effective assistance of counsel
is recognized not for its own sake, but because of effect it has on ability
of accused to receive a fair trial. Lockhart v. Fretwell, 506 U.S. 364, 113
S.Ct. 838 (1993)(quoting, U.S. v. Cronic, 466 U.S. 648, at 658, 104 S.Ct. 2039).

Under Strickland, the defendant must show that (1) trial counsel's re-
presentation fell beneath an objective standard of reasonableness; and (2)
there exist a reasonable probability that, but for counsel's error, the re-
sult of the trial would have been different. Id.

Again, as pointed out in Baker's appellant's brief, the medical examiner's
report was admitted as evidence at trial as People's Exhibit #35. In it,
Dr. Kalelkar describes the three stab wounds to Landry's back, indicating their
size, angle, and depth. Two of the wounds had a downward angle, while the
third had an upward. (People's Exhibit #35). This wound tend to indicate that
there was a struggle, as Baker argued at trial, because if Baker had just

-9-

stabbed Landry in the back without any struggle, the wounds would presumably all be of the same angle. By trial counsel's stipulation to the medical examiner's testimony, without questioning Kalekar regarding the implications of the angles of the wounds, and such questioning could have supported Baker's mutual combat theory rendered Baker ineffective assistance of counsel, thus, resulting in prejudice.

In the instant case, the appellate court erred in affirming the circuit court's summarily dismissal of Baker's pro-se petition for post-conviction relief. According, this Court should grant review to reverse the trial court's order and remand the case for further proceedings, to include the appointment of counsel.

## CONCLUSION

Montez Baker, petitioner-appellant, respectfully request that this Court grant leave to appeal, and find that the appellate court erred in the affirmance of the trial court summarily dismissal of the his petition for post-conviction relief; and reverse the trial court's order, and remand the case for further proceedings, to include the appointment of counsel.

Respectfully Submitted:

/s/    *Montez Baker)*    Pro-Se

Montez Baker,
Reg. No. K-70097
P.O. Box 711
Menard Correctional Ctr.
Menard, IL 62259-0711

STATE OF ILLINOIS
SUPREME COURT

At a Term of the Supreme Court, begun and held in Springfield, on Monday, the eighth day of January, 2007.

Present: Robert R. Thomas, Chief Justice
Justice Charles E. Freeman      Justice Thomas R. Fitzgerald
Justice Thomas L. Kilbride      Justice Rita B. Garman
Justice Lloyd A. Karmeier       Justice Anne M. Burke

---

On the twenty-fourth day of January, 2007, the Supreme Court entered the following judgment:

No. 103828

People State of Illinois,

    Respondent

    v.

Montez Baker,

    Petitioner

Petition for Leave
to Appeal from
Appellate Court
First District
1-05-3937
00CR20175

The Court having considered the Petition for leave to appeal and being fully advised of the premises, the Petition for leave to appeal is DENIED.

As Clerk of the Supreme Court of the State of Illinois and keeper of the records, files and Seal thereof, I certify that the foregoing is a true copy of the final order entered in this case.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the Seal of said Court, this first day of March, 2007.

*Juleann Hornyak*

Clerk,
Supreme Court of the State of Illinois

103828

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

January 24, 2007

Hon. Lisa Madigan
Attorney General, Criminal Appeals Div.
100 West Randolph St., 12th Floor
Chicago, IL 60601

No. 103828 - People State of Illinois, respondent, v. Montez
              Baker, petitioner.  Leave to appeal, Appellate
              Court, First District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on March 1, 2007.

EXHIBIT N

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 001

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 00CR2017501

      MONTEZ     BAKER

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

   720-5/9-1(A)(1)                 F      MURDER/INTENT TO KILL/INJURE
   720-5/9-1(A)(2)                 F      MURDER/STRONG PROB KILL/INJURE
   720-5/12-4(b)(1)                F      AGG BATTERY/WEAPON/NO FIREARM
The following disposition(s) was/were rendered before the Honorable Judge(s):


08/25/00 IND/INFO-CLK OFFICE-PRES JUDGE          09/06/00 1701
    00CR2017501 ID# CR100581035
09/06/00 CASE ASSIGNED                           09/06/00 1725
    FITZGERALD, THOMAS R.
09/06/00 DEFENDANT IN CUSTODY                    00/00/00
    CLAY, EVELYN B.
09/06/00 PRISONER DATA SHEET TO ISSUE            00/00/00
    CLAY, EVELYN B.
09/06/00 PUBLIC DEFENDER APPOINTED               00/00/00
    CLAY, EVELYN B.
09/06/00 DEFENDANT ARRAIGNED                     00/00/00
    CLAY, EVELYN B.
09/06/00 PLEA OF NOT GUILTY                      00/00/00
    CLAY, EVELYN B.
09/06/00 MOTION FOR DISCOVERY                    00/00/00 F       1
    CLAY, EVELYN B.
09/06/00 DISCOVERY ANSWER FILED                  00/00/00        1
    CLAY, EVELYN B.
09/06/00 ADMONISH AS TO TRIAL IN ABSENT          00/00/00
    CLAY, EVELYN B.
09/06/00 CONTINUANCE BY AGREEMENT                10/06/00
    CLAY, EVELYN B.
09/06/00 CASE ASSIGNED                           09/06/00 1725
    FITZGERALD, THOMAS R.
10/06/00 DEFENDANT IN CUSTODY                    00/00/00
    CLAY, EVELYN B.
10/06/00 PRISONER DATA SHEET TO ISSUE            00/00/00
    CLAY, EVELYN B.

EXHIBIT O

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                         VS                    NUMBER 00CR2017501

     MONTEZ     BAKER

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

     I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/06/00 CONTINUANCE BY AGREEMENT                    11/06/00
       CLAY, EVELYN B.
11/06/00 DEFENDANT IN CUSTODY                        00/00/00
       CLAY, EVELYN B.
11/06/00 PRISONER DATA SHEET TO ISSUE                00/00/00
       CLAY, EVELYN B.
11/06/00 CONTINUANCE BY AGREEMENT                    12/11/00
       CLAY, EVELYN B.
11/06/00 DEFENDANT IN CUSTODY                        00/00/00
       CLAY, EVELYN B.
11/06/00 PRISONER DATA SHEET TO ISSUE                00/00/00
       CLAY, EVELYN B.
11/06/00 CONTINUANCE BY AGREEMENT                    12/11/00
       CLAY, EVELYN B.
12/11/00 DEFENDANT IN CUSTODY                        00/00/00
       CLAY, EVELYN B.
12/11/00 PRISONER DATA SHEET TO ISSUE                00/00/00
       CLAY, EVELYN B.
12/11/00 CONTINUANCE BY AGREEMENT                    01/11/01
       CLAY, EVELYN B.
01/11/01 DEFENDANT IN CUSTODY                        00/00/00
       CLAY, EVELYN B.
01/11/01 PRISONER DATA SHEET TO ISSUE                00/00/00
       CLAY, EVELYN B.
01/11/01 CONTINUANCE BY AGREEMENT                    02/13/01
       CLAY, EVELYN B.
02/13/01 DEFENDANT IN CUSTODY                        00/00/00
       CLAY, EVELYN B.
02/13/01 PRISONER DATA SHEET TO ISSUE                00/00/00
       CLAY, EVELYN B.
02/13/01 CONTINUANCE BY AGREEMENT                    03/29/01
       CLAY, EVELYN B.
03/29/01 DEFENDANT IN CUSTODY                        00/00/00
       CLAY, EVELYN B.
03/29/01 PRISONER DATA SHEET TO ISSUE                00/00/00
       CLAY, EVELYN B.
03/29/01 CONTINUANCE BY AGREEMENT                    04/30/01
       CLAY, EVELYN B.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS          NUMBER 00CR2017501

MONTEZ      BAKER

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | | |
|---|---|---|
| 04/30/01 DEFENDANT IN CUSTODY<br>CLAY, EVELYN B. | 00/00/00 | |
| 04/30/01 PRISONER DATA SHEET TO ISSUE<br>CLAY, EVELYN B. | 00/00/00 | |
| 04/30/01 DISCOVERY ANSWER FILED<br>CLAY, EVELYN B. | 00/00/00 | 1 |
| 04/30/01 CONTINUANCE BY AGREEMENT<br>CLAY, EVELYN B. | 05/29/01 | |
| 05/29/01 DEFENDANT IN CUSTODY<br>CLAY, EVELYN B. | 00/00/00 | |
| 05/29/01 PRISONER DATA SHEET TO ISSUE<br>CLAY, EVELYN B. | 00/00/00 | |
| 05/29/01 CONTINUANCE BY AGREEMENT<br>CLAY, EVELYN B. | 06/22/01 | |
| 06/22/01 DEFENDANT IN CUSTODY<br>CLAY, EVELYN B. | 00/00/00 | |
| 06/22/01 PRISONER DATA SHEET TO ISSUE<br>CLAY, EVELYN B. | 00/00/00 | |
| 06/22/01 CONTINUANCE BY AGREEMENT<br>CLAY, EVELYN B. | 07/25/01 | |
| 07/25/01 DEFENDANT IN CUSTODY<br>CLAY, EVELYN B. | 00/00/00 | |
| 07/25/01 PRISONER DATA SHEET TO ISSUE<br>CLAY, EVELYN B. | 00/00/00 | |
| 07/25/01 CONTINUANCE BY AGREEMENT<br>CLAY, EVELYN B. | 09/10/01 | |
| 09/10/01 DEFENDANT IN CUSTODY<br>CLAY, EVELYN B. | 00/00/00 | |
| 09/10/01 PRISONER DATA SHEET TO ISSUE<br>CLAY, EVELYN B. | 00/00/00 | |
| 09/10/01 CONTINUANCE BY AGREEMENT<br>CLAY, EVELYN B. | 09/26/01 | |
| 09/26/01 DEFENDANT IN CUSTODY<br>FLEMING, JOHN J. | 00/00/00 | |
| 09/26/01 PRISONER DATA SHEET TO ISSUE<br>FLEMING, JOHN J. | 00/00/00 | |
| 09/26/01 CONTINUANCE BY AGREEMENT<br>FLEMING, JOHN J. | 10/11/01 | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 00CR2017501

     MONTEZ     BAKER

               CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/11/01 DEFENDANT IN CUSTODY                    00/00/00
         CLAY, EVELYN B.
10/11/01 PRISONER DATA SHEET TO ISSUE            00/00/00
         CLAY, EVELYN B.
10/11/01 CONTINUANCE BY AGREEMENT                10/31/01
         CLAY, EVELYN B.
10/31/01 DEFENDANT IN CUSTODY                    00/00/00
         CLAY, EVELYN B.
10/31/01 PRISONER DATA SHEET TO ISSUE            00/00/00
         CLAY, EVELYN B.
10/31/01 CONTINUANCE BY AGREEMENT                11/20/01
         CLAY, EVELYN B.
11/20/01 DEFENDANT IN CUSTODY                    00/00/00
         CLAY, EVELYN B.
11/20/01 PRISONER DATA SHEET TO ISSUE            00/00/00
         CLAY, EVELYN B.
11/20/01 CONTINUANCE BY AGREEMENT                12/21/01
         CLAY, EVELYN B.
12/21/01 DEFENDANT IN CUSTODY
         WOOD, WILLIAM S.
12/21/01 PRISONER DATA SHEET TO ISSUE
         WOOD, WILLIAM S.
12/21/01 CONTINUANCE BY AGREEMENT                01/03/02
         WOOD, WILLIAM S.
01/03/02 DEFENDANT IN CUSTODY                    00/00/00
         CLAY, EVELYN B.
01/03/02 DISCOVERY ANSWER FILED                                      2
         CLAY, EVELYN B.
01/03/02 WITNESSES ORDERED TO APPEAR             00/00/00
         CLAY, EVELYN B.
01/03/02 CONTINUANCE BY AGREEMENT                02/28/02
         CLAY, EVELYN B.
02/06/02 DEFENDANT IN CUSTODY                    00/00/00
         CLAY, EVELYN B.
02/06/02 PRISONER DATA SHEET TO ISSUE            00/00/00
         CLAY, EVELYN B.
02/06/02 CASE ADVANCED                           02/06/02
         CLAY, EVELYN B.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 00CR2017501

    MONTEZ    BAKER

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| Date | Event | Date 2 | | |
|---|---|---|---|---|
| 02/06/02 | WITNESSES ORDERED TO APPEAR CLAY, EVELYN B. | 00/00/00 | | |
| 02/06/02 | CONTINUANCE BY AGREEMENT CLAY, EVELYN B. | 05/21/02 | | |
| 05/21/02 | DEFENDANT IN CUSTODY CLAY, EVELYN B. | 00/00/00 | | |
| 05/21/02 | PRISONER DATA SHEET TO ISSUE CLAY, EVELYN B. | 00/00/00 | | |
| 05/21/02 | CONTINUANCE BY AGREEMENT CLAY, EVELYN B. | 09/09/02 | | |
| 08/07/02 | CASE ADVANCED | 00/00/00 | F | 2 |
| 08/07/02 | HEARING DATE ASSIGNED | 08/12/02 | 1725 | |
| 08/12/02 | DEFENDANT IN CUSTODY CLAY, EVELYN B. | 00/00/00 | | |
| 08/12/02 | PRISONER DATA SHEET TO ISSUE CLAY, EVELYN B. | 00/00/00 | | |
| 08/12/02 | WITNESSES ORDERED TO APPEAR CLAY, EVELYN B. | 00/00/00 | | |
| 08/12/02 | CONTINUANCE BY AGREEMENT CLAY, EVELYN B. | 09/09/02 | | |
| 09/09/02 | DEFENDANT IN CUSTODY CLAY, EVELYN B. | 00/00/00 | | |
| 09/09/02 | PRISONER DATA SHEET TO ISSUE CLAY, EVELYN B. | 00/00/00 | | |
| 09/09/02 | PLEA OF NOT GUILTY CLAY, EVELYN B. | 00/00/00 | | |
| 09/09/02 | JURY WAIVED CLAY, EVELYN B. | 00/00/00 | | |
| 09/09/02 | FINDING OF GUILTY CLAY, EVELYN B. | CALL 00/00/00 | | |
| 09/09/02 | BAIL REVOKED CLAY, EVELYN B. | 00/00/00 | | |
| 09/09/02 | PRE-SENT INVEST. ORD, CONTD TO CLAY, EVELYN B. | 00/00/00 | | |
| 09/09/02 | CONTINUANCE BY ORDER OF COURT CLAY, EVELYN B. | 10/04/02 | | |
| 10/04/02 | DEFENDANT IN CUSTODY CLAY, EVELYN B. | 00/00/00 | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 006

PEOPLE OF THE STATE OF ILLINOIS

VS                              NUMBER 00CR2017501

MONTEZ       BAKER

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/04/02 PRISONER DATA SHEET TO ISSUE              00/00/00
     CLAY, EVELYN B.
10/04/02 CONTINUANCE BY ORDER OF COURT             11/01/02
     CLAY, EVELYN B.
11/01/02 DEFENDANT IN CUSTODY                      00/00/00
     REYNA, RALPH
11/01/02 MOTION DEFENDANT - NEW TRIAL              00/00/00 D        2
     REYNA, RALPH
11/01/02 DEF SENTENCED ILLINOIS DOC          C001 00/00/00
          30 YRS
     REYNA, RALPH
11/01/02 DEF SENTENCED ILLINOIS DOC          C002 00/00/00
          30 YRS
     REYNA, RALPH
11/01/02 DEF SENTENCED ILLINOIS DOC          C003 00/00/00
          5 YRS
     REYNA, RALPH
11/01/02 CREDIT DEFENDANT FOR TIME SERV            00/00/00
          829 DYS
     REYNA, RALPH
11/01/02 DEF ADVISED OF RIGHT TO APPEAL            00/00/00
     REYNA, RALPH
11/01/02 SENTENCE TO RUN CONCURRENT                00/00/00
     COUNT ONE AND COUNT TWO TO MERGED, COUNT ONE C NCURRENT WITH COUNT THREE
     REYNA, RALPH
11/01/02 BAIL REVOKED                              00/00/00
     REYNA, RALPH
11/01/02 LET MITTIMUS ISSUE/MITT TO ISS            00/00/00
     REYNA, RALPH
11/01/02 CHANGE PRIORITY STATUS              M     00/00/00
     REYNA, RALPH
11/27/02 MOTION TO REDUCE SENTENCE                 00/00/00 F        2
11/27/02 HEARING DATE ASSIGNED                     01/15/03 1725
01/15/03 DEFENDANT NOT IN COURT                    00/00/00
     CLAY, EVELYN B.
01/15/03 PRISONER DATA SHEET TO ISSUE              00/00/00
     CLAY, EVELYN B.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 007

PEOPLE OF THE STATE OF ILLINOIS

VS                     NUMBER 00CR2017501

MONTEZ     BAKER

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| Date | Event | | |
|---|---|---|---|
| 01/15/03 | CONTINUANCE BY AGREEMENT | 02/05/03 | |
| | CLAY, EVELYN B. | | |
| 02/05/03 | DEFENDANT NOT IN COURT | 00/00/00 | |
| | CLAY, EVELYN B. | | |
| 02/05/03 | DEFENDANT IN CUSTODY | 00/00/00 | |
| | CLAY, EVELYN B. | | |
| 02/05/03 | MOTION TO REDUCE SENTENCE | 00/00/00 D | 2 |
| | CLAY, EVELYN B. | | |
| 02/05/03 | M/D TO APPT COUNSEL FOR APPEAL | 00/00/00 A | |
| | CLAY, EVELYN B. | | |
| 02/05/03 | SPECIAL ORDER | 00/00/00 | |
| | OFF CALL | | |
| | CLAY, EVELYN B. | | |
| 02/05/03 | NOTICE OF APPEAL FILED, TRNSFR | 00/00/00 | |
| 02/18/03 | NOTICE OF NOTICE OF APP MAILED | 00/00/00 | |
| 02/18/03 | HEARING DATE ASSIGNED | 02/21/03 1713 | |
| 02/21/03 | ILL STATE APPELLATE DEF APPTD | 00/00/00 | |
| | BIEBEL, PAUL JR. | | |
| 02/21/03 | O/C FREE REPT OF PROCD ORD N/C | 00/00/00 | |
| | BIEBEL, PAUL JR. | | |
| 02/21/03 | MEMO OF ORDS & NOA PICKED-UP | 00/00/00 | |
| | BIEBEL, PAUL JR. | | |
| 03/17/03 | APPELLATE COURT NUMBER ASGND | 00/00/00 03-0688 | |
| 03/27/03 | REPT OF PRCDS ORD FR CRT RPT | 00/00/00 | |
| 04/02/03 | SUPP TRAN PRO REC/FILE CLK OFF | 00/00/00 | |
| 04/07/03 | REPORT OF PROCEEDINGS PREPARED | 00/00/00 | |
| 06/11/03 | COMMON LAW RECORD PREPARED | 00/00/00 | |
| 06/04/03 | REPT OF PRCDS ORD FR CRT RPT | 00/00/00 | |
| 06/19/03 | CLR RECD BY APP COUNSEL | 00/00/00 | |
| | SAD | | |
| 06/19/03 | REPRT/PROCDS RECD BY APP ATTRY | 00/00/00 | |
| | SAD | | |
| 07/25/03 | TRANS PROC REC/FILED CLKS OFF | 00/00/00 | |
| 07/29/03 | SUPPL REPORT OF PRCD PREPARED | 00/00/00 | |
| 08/05/03 | REPT OF PRCDS ORD FR CRT RPT | 00/00/00 | |
| 08/05/03 | SUPPL REC RECD BY APPL COUNSEL | 00/00/00 | |
| | STATE APPELLATE DEFENDER | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 008

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 00CR2017501

MONTEZ        BAKER

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | | |
|---|---|---|
| 08/07/03 SUPPL REPORT OF PRCD PREPARED | 00/00/00 | |
| 08/11/03 SUPPL REC RECD BY APPL COUNSEL | 00/00/00 | |
|     STATE APPELLATE DEFENDER | | |
| 08/26/03 SUPP TRAN PRO REC/FILE CLK OFF | 00/00/00 | |
| 08/29/03 SUPPL REC RECD BY APPL COUNSEL | 00/00/00 | |
|     STATE APPELLATE DEFENDER | | |
| 11/20/03 SUPP TRAN PRO REC/FILE CLK OFF | 00/00/00 | |
| 11/26/03 SUPPL REPORT OF PRCD PREPARED | 00/00/00 | |
| 12/03/03 SUPPL REC RECD BY APPL COUNSEL | 00/00/00 | |
|     STATE APPELLATE DEFENDER | | |
| 02/27/04 SUPPL REPORT OF PRCD PREPARED | 00/00/00 | |
| 03/04/04 SUPPL REC RECD BY APPL COUNSEL | 00/00/00 | |
|     STATE APPELLATE DEFENDER | | |
| 01/03/05 DEFENDANT IN CUSTODY | 00/00/00 | |
|     CLAY, EVELYN B. | | |
| 01/03/05 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
|     CLAY, EVELYN B. | | |
| 01/03/05 CONTINUANCE BY AGREEMENT | 01/21/05 | |
|     CLAY, EVELYN B. | | |
| 01/21/05 CORRECTED MITTIMUS TO ISSUE | 00/00/00 | |
|     NUNC PRO TUNC 11/01/2002 C003 MUST RUN CONSECUTIVE TO C001 | | |
|     CLAY, EVELYN B. | | |
| 02/17/05 MOTION TO REDUCE SENTENCE | 00/00/00 F | 2 |
| 02/17/05 HEARING DATE ASSIGNED | 03/14/05 1725 | |
| 03/14/05 DEFENDANT NOT IN COURT | 00/00/00 | |
|     CLAY, EVELYN B. | | |
| 03/14/05 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
|     CLAY, EVELYN B. | | |
| 03/14/05 MOTION TO REDUCE SENTENCE | 00/00/00 D | |
|     CLAY, EVELYN B. | | |
| 03/14/05 SPECIAL ORDER | 00/00/00 | |
|     OFF CALL    999 | | |
|     CLAY, EVELYN B. | | |
| 03/31/05 NOTICE OF APPEAL FILED, TRNSFR | 00/00/00 | |
| 03/31/05 NOTICE OF NOTICE OF APP MAILED | 00/00/00 | |
| 03/31/05 HEARING DATE ASSIGNED | 04/08/05 1713 | |
| 04/08/05 ILL STATE APPELLATE DEF APPTD | 00/00/00 | |
|     BIEBEL, PAUL JR. | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 009

PEOPLE OF THE STATE OF ILLINOIS

VS                      NUMBER 00CR2017501

MONTEZ    BAKER

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
04/08/05 O/C FREE REPT OF PROCD ORD N/C            00/00/00
    BIEBEL, PAUL JR.
04/08/05 MEMO OF ORDS & NOA PICKED-UP              00/00/00
    BIEBEL, PAUL JR.
05/10/05 MANDATE FILED                             05/20/05 1701
05/20/05 REVIEW COURT AFFIRMANCE                   00/00/00
    BIEBEL, PAUL JR.
05/20/05 CASE ASSIGNED                             05/31/05 1725
    REMANDED FOR RESENTENCING
    BIEBEL, PAUL JR.
05/31/05 DEFENDANT IN CUSTODY                      00/00/00
    CLAY, EVELYN B.
05/31/05 PUBLIC DEFENDER APPOINTED                 00/00/00
    CLAY, EVELYN B.
05/31/05 SPECIAL ORDER                             00/00/00
    APPELLATE REMAND FOR RESENTENCING
    CLAY, EVELYN B.
05/31/05 DEF SENTENCED ILLINOIS DOC      C001 00/00/00
      25 YRS
    CLAY, EVELYN B.
05/31/05 DEF SENTENCED ILLINOIS DOC      C002 00/00/00
      25 YRS
    CLAY, EVELYN B.
05/31/05 DEF SENTENCED ILLINOIS DOC      C003
      5 YRS
    CLAY, EVELYN B.
05/31/05 SENTENCE TO RUN CONCURRENT                00/00/00
    COUNTS TWO CONC WITH C001
    CLAY, EVELYN B.
05/31/05 SENTENCE TO RUN CONSECUTIVE               00/00/00
    COUNT C0003 CONS WITH C002
    CLAY, EVELYN B.
05/31/05 ORDER EXTENDED, NUNC PRO TUNC             11/01/02
    CLAY, EVELYN B.
05/31/05 DEF ADVISED OF RIGHT TO APPEAL            00/00/00
    CLAY, EVELYN B.
05/31/05 CHANGE PRIORITY STATUS          M    00/00/00
    CLAY, EVELYN B.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       Page 010

PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 00CR2017501

     MONTEZ      BAKER

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

     I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
05/26/05 REPT OF PRCDS ORD FR CRT RPT          00/00/00
06/22/05 NOTICE OF APPEAL FILED, TRNSFR        00/00/00
06/28/05 NOTICE OF NOTICE OF APP MAILED        00/00/00
06/28/05 HEARING DATE ASSIGNED                 07/01/05 1713
07/01/05 ILL STATE APPELLATE DEF APPTD         00/00/00
         BIEBEL, PAUL JR.
07/01/05 O/C FREE REPT OF PROCD ORD N/C        00/00/00
         BIEBEL, PAUL JR.
07/01/05 MEMO OF ORDS & NOA PICKED-UP          00/00/00
         BIEBEL, PAUL JR.
07/15/05 APPELLATE COURT NUMBER ASGND          00/00/00 05-2181
08/09/05 COMMON LAW RECORD PREPARED            00/00/00
08/11/05 CLR RECD BY APP COUNSEL               00/00/00
         STATE APPELLATE DEFENDER
08/24/05 MANDATE FILED                         09/02/05 1701
09/02/05 SPECIAL ORDER                         00/00/00
         APPELLANTS MOTION TO DISMISS APPEAL ALLOWED
         CROOKS, WILBUR E.
09/19/05 SPECIAL ORDER                         00/00/00 F        2
         APPT OF COUNSEL & PETITION FOR P.C.RELIEF.
09/19/05 HEARING DATE ASSIGNED                 09/23/05 1725
09/23/05 DEFENDANT IN CUSTODY                  00/00/00
         P.C
         CLAY, EVELYN B.
09/23/05 PRISONER DATA SHEET TO ISSUE          00/00/00
         CLAY, EVELYN B.
09/23/05 CONTINUANCE BY ORDER OF COURT         10/21/05
         CLAY, EVELYN B.
09/30/05 REPT OF PRCDS ORD FR CRT RPT          00/00/00
10/14/05 SUPP TRAN PRO REC/FILE CLK OFF        00/00/00
10/20/05 SUPPL REC RECD BY APPL COUNSEL        00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
10/21/05 POST-CONV PETITION DENIED             00/00/00
         CLAY, EVELYN B.
10/20/05 SUPPL REPORT OF PRCD PREPARED         00/00/00
         (1) VOL
10/25/05 NOTIFICATION SENT TO DEFENDANT        00/00/00

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 011

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 00CR2017501

        MONTEZ      BAKER

           CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/22/05 SUPPL REC RECD BY APPL COUNSEL          00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
11/30/05 NOTICE OF APPEAL FILED, TRNSFR          00/00/00
12/06/05 NOTICE OF NOTICE OF APP MAILED          00/00/00
12/06/05 HEARING DATE ASSIGNED                   12/09/05 1713
12/09/05 ILL STATE APPELLATE DEF APPTD           00/00/00
         BIEBEL, PAUL JR.
12/09/05 O/C FREE REPT OF PROCD ORD N/C          00/00/00
         BIEBEL, PAUL JR.
12/09/05 MEMO OF ORDS & NOA PICKED-UP            00/00/00
         BIEBEL, PAUL JR.
01/20/06 TRANS PROC REC/FILED CLKS OFF           00/00/00
01/24/06 REPRT/PROCDS RECD BY APP ATTRY          00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
01/27/06 CLR RECD BY APP COUNSEL                 00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
02/03/06 SUPPL REC RECD BY APPL COUNSEL          00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
04/18/06 REPT OF PRCDS ORD FR CRT RPT            00/00/00
09/27/06 REPORT OF PROCEEDINGS PREPARED          00/00/00
         1VOL
09/26/06 TRANS PROC REC/FILED CLKS OFF           00/00/00
         ONE VOLUME
09/27/06 SUPP TRAN PRO REC/FILE CLK OFF          00/00/00
         ONE VOLUME
10/02/06 SUPPL REPORT OF PRCD PREPARED           00/00/00
         (1)VOL
09/29/06 REPRT/PROCDS RECD BY APP ATTRY          00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
10/03/06 SUPPL REC RECD BY APPL COUNSEL          00/00/00
         STATE APPELLATE DEFENDER - ONE VOLUME
03/12/07 MANDATE FILED                           03/21/07 1701
03/21/07 SPECIAL ORDER                           00/00/00
         AFFIRMED
         PORTER DENNIS J
06/26/07 MANDATE FILED                           07/06/07 1701
         05-2181

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 012

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 00CR2017501

      MONTEZ      BAKER

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/06/07 REVIEW COURT AFFIRMANCE                00/00/00
      GAINER THOMAS V JR.
07/13/07 MANDATE FILED                          07/20/07 1701
      05-2181 RECALL
07/20/07 MANDATE RECALLED                       00/00/00
      BIEBEL, PAUL JR.
07/23/07 MANDATE FILED                          08/02/07 1701
      05-2181
08/02/07 REVIEW COURT AFFIRMANCE                00/00/00
      BIEBEL, PAUL JR.



I hereby certify that the foregoing has
been entered of record on the above
captioned case.
Date 03/31/08

                    DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

No. 1-05-2181

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

RECEIVED
CRIMINAL APPEALS

JUN - 1 2006

309 RICHARD J. DALEY CENTER
RICHARD A. DEVINE
STATE'S ATTORNEY'S OFFICE

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 00 CR 20175. |
| | ) | |
| **MONTEZ BAKER,** | ) | Honorable |
| | ) | Evelyn B. Clay, |
| Defendant-Appellant. | ) | Judge Presiding. |

**BRIEF AND ARGUMENT FOR DEFENDANT-APPELLANT**

MICHAEL J. PELLETIER
Deputy Defender

REBECCA I. LEVY
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR DEFENDANT-APPELLANT

**ORAL ARGUMENT REQUESTED**

EXHIBIT P

POINTS AND AUTHORITIES                                    Page

I.    **The Circuit Court Erred In Re-Sentencing Montez Baker Without Allowing Him To Present Evidence In Mitigation, As Prescribed By 730 ILCS 5/5-5-3(d).** ........ 12

730 ILCS 5/5-5-3(d) (West 2004) ......................................... 12

*Branson v. Department of Revenue*, 168 Ill. 2d 247, 659 N.E.2d 961 (1995) ........ 12

*People v. Saunders*, 288 Ill. App. 3d 523, 680 N.E.2d 790 (4th Dist. 1997) ......... 12

730 ILCS 5/5-4-1(a) (West 2004) ......................................... 13

*People v. Hammonds*, 21 Ill. App. 3d 5, 314 N.E.2d 711 (5th Dist. 1974) .......... 15

730 ILCS 5/5-5-3.1 ..................................................... 15

*People v. Daniels*, 173 Ill. App. 3d 752, 527 N.E.2d 993 (1st Dist. 1988) ....... 15, 17

*People v. Pittman*, 24 Ill. App. 3d 1089, 322 N.E.2d 609 (5th Dist. 1975) .......... 15

*People v. Nevitt*, 135 Ill. 2d 423, 553 N.E.2d 368 (1990) ...................... 15

*People v. Westpfahl*, 295 Ill. App. 3d 237, 692 N.E.2d 831 (3rd Dist. 1998) ........ 16

*People v. Herron*, 207 Ill. 2d 617, 807 N.E.2d 979 (2005) ..................... 16

*People v. Keene*, 169 Ill. 2d 1 (1995) ...................................... 17

II.    **The Trial Court Failed to Adequately Admonish Montez Baker Regarding His Right to Appeal His Sentence under Illinois Supreme Court Rule 605(a), and Baker Was Denied Real Justice as a Result.** .................................... 18

*People v. Lloyd*, 338 Ill. App. 3d 379, 788 N.E.2d 1169 (1st Dist. 2003) ........... 19

Ill. Sup. Ct. R. 605(a) ............................................... 19, 20

*People v. Henderson*, 217 Ill. 2d 449, 841 N.E.2d 872 (2005) ............... 20, 21

*People v. Breedlove.*, 213 Ill. 2d 509, 821 N.E.2d 1176 (2004) .............. 20, 21

*People v. Polk*, 349 Ill. App. 3d 760, 812 N.E.2d 675 (1st Dist. 2004) . . . . . . . . . . . . .  21

*People v. Taylor*, 345 Ill. App. 3d 1064, 804 N.E.2d 116 (4th Dist. 2004) . . . . . . . . . .  21

*People v. Rathbone*, 345 Ill. App. 3d 305, 802 N.E.2d 333 (4th Dist. 2004)  . . . . . . . .  21

## NATURE OF THE CASE

Montez Baker appeals from a judgment of two consecutive 25 and 5 year terms in prison entered pursuant to a remand ordered by this Court.

## ISSUES PRESENTED FOR REVIEW

1.      Whether the circuit court erred in re-sentencing Montez Baker without allowing him to present evidence in mitigation, as prescribed by 730 ILCS 5/5-5-3(d).

2.      Whether the trial court failed to adequately admonish Montez Baker regarding his right to appeal his sentence under Illinois Supreme Court Rule 605(a), and whether this Court should remand for proper 605(a) admonishments and further proceedings because Baker was denied real justice as a result.

## JURISDICTION

Montez Baker appeals to this Court from a resentencing order entered on May 31, 2005. (Supp. C2). Notice of appeal was timely filed on June 22, 2005. (C104). Jurisdiction therefore lies in this Court pursuant to Article VI, Section 6, of the Illinois Constitution, and Supreme Court Rules 603 and 606.

## STATEMENT OF FACTS

After his arrest on July 25, 2000, the State charged Montez Baker with two counts of the first degree murder of Daryl "Cesar" Landry, and the aggravated battery with a knife of Kip Bell. (D.A. C9, C13-15).[1] A bench trial was held on September 9, 2002, during which the evidence revealed that on July 25, 2000, Baker stabbed Landry three times after a verbal argument escalated into a physical altercation. (D.A. R. Sup. Vol. I, 25).

At Baker's trial, Timothy Harper and Kelly Sandifer testified that they were at Sandifer's apartment at 625 West Division, number 1401, watching television on the date of the incident. (D.A. Sup. R. Vol. I, 39-41, 65-66). At 2:30 p.m., Harper's niece came over from apartment 1403. (D.A. Sup. R. Vol. I, 41, 66). After the niece spoke to Harper and Sandifer, they went to apartment 1403 and saw Baker and Landry verbally arguing. (D.A. Sup. R. Vol. I, 39, 43, 67-70). Harper thought the argument would stop, so he went back to Sandifer's apartment. (D.A. Sup. R. Vol. I, 45). Sandifer also returned to her apartment, but went back to 1403 after Harper's niece came to her apartment a second time. (D.A. Sup. R. Vol. I, 71). When Harper heard Sandifer screaming, he went to apartment 1403 and saw Baker and Landry fighting. (D.A. Sup. R. Vol. I, 47). Hollis Holloway and Kip Bell were also present. (D.A. Sup. R. Vol. I, 47).

According to Harper and Sandifer, Baker and Landry were wrestling and holding each other. (D.A. Sup. R. Vol. I, 47-48, 60, 72). Baker had a butcher knife but Landry did not have anything in his hands. (D.A. Sup. R. Vol. I, 48, 74). Sandifer testified that she saw Baker stab Landry in the back three times. (D.A. Sup. R. Vol. I, 73). Harper and Bell tried to break them

---

[1]Citations to the original direct appeal record are preceded by "D.A." Citations to the resentencing record are preceded by "R."

-4-

up, but they wouldn't stop fighting. (D.A. Sup. R. Vol. I, 49). Harper and Bell tried to get the knife from Baker, but he wouldn't let go. (D.A. Sup. R. Vol. I, 50). After Bell tried to get the knife, Sandifer saw that Bell's arm was bleeding. (D.A. Sup. R. Vol. I, 75).

At one point, Baker was on his hands and knees and Landry was on Baker's back. (D.A. Sup. R. Vol. I, 50, 61). Landry was holding Baker around the neck. (D.A. Sup. R. Vol. 1, 62). Harper tried to put his foot on the knife, which was on the floor in Baker's hand, but Baker did not let go. (D.A. Sup. R. Vol. 1, 50, 78). When Landry let go of Baker, Landry was bleeding from his head and shoulder blade. (D.A. Sup. R. Vol. 1, 51). Harper testified that he did not see anything in Landry's hands. (D.A. Sup. R. Vol. 1, 53). He saw Baker with a knife, but also saw a knife on the couch. (D.A. Sup. R. Vol. 1, 54).

Although Sandifer testified at trial that the second time she went to apartment 1403, Baker and Landry were already wrestling and she did not see any punches thrown, Sandifer changed her testimony when she was confronted with her grand jury testimony. (D.A. Sup. R. Vol. 1, 79-81). Before the grand jury, Sandifer described seeing Landry hit Baker in the face with his fist before they started tussling. (D.A. Sup. R. Vol. 1, 79-81). After being impeached with her grand jury testimony, Sandifer confirmed that she had seen Landry hit Baker in the face with his fist before they started fighting. (D.A. Sup. R. Vol. 1, 80-81, 83). According to Sandifer, Baker had the knife when Landry hit him. (D.A. Sup. R. Vol. 1, 81-82, 84). Baker stabbed Landry when Landry was on top of him. (D.A. Sup. R. Vol. 1, 81). Landry was holding Baker down with Baker's stomach on the floor and was holding Baker's arm that held the knife. D.A. Sup. R. Vol. 1, 81-83).

Harper and Sandifer testified that after the fight, Baker threw the knife into the incinerator

in the hallway. (D.A. Sup. R. Vol. 1, 54-55, 77). Ten minutes later, Harper saw Baker at the incinerator at 630 West Evergreen wearing only his boxer shorts. (D.A. Sup. R. Vol. 1, 56, 63). When Harper asked Baker what he was doing, Baker responded that Landry shouldn't have taken his food and shouldn't have accused him of stealing food and that he would "kill that bitch again." (D.A. Sup. R. Vol. 1, 57). Harper knew that Baker, an alcoholic, was drunk at the time. (D.A. Sup. R. Vol. 1, 57-58).

Kip Bell testified that he was watching television at apartment 1403, where his girlfriend at the time, Zonya Tate, lived. (D.A. Sup. R. Vol. 1, 85-86). Tate is Baker's sister. (D.A. Sup. R. Vol. 1, 86). Landry and Holloway were also watching television with Bell in the living room. (D.A. Sup. R. Vol. 1, 88). Bell went to the bedroom, and while he was there he heard the sound of glass breaking in the living room. (D.A. Sup. R. Vol. 1, 88). Bell went back to the living room and saw Baker, Landry, and Holloway. (D.A. Sup. R. Vol. 1, 89). Landry was holding Baker's arm against the wall. (D.A. Sup. R. Vol. 1, 89). Baker had a knife in his hand. (D.A. Sup. R. Vol. 1, 89). Bell never saw Landry with a weapon. (D.A. Sup. R. Vol. 1, 90).

Bell saw Baker stab Landry once in the back. (D.A. Sup. R. Vol. 1, 90). Bell tried to break up Landry and Baker by grabbing their arms. (D.A. Sup. R. Vol. 1, 90). Bell grabbed Baker's hand holding the knife and, in the process of doing so, cut his wrist. (D.A. Sup. R. Vol. 1, 90). Bell saw that Landry was bleeding from his back. (D.A. Sup. R. Vol. 1, 91). When Landry and Baker fell on the couch, Bell grabbed them by their legs and pulled them to the floor. (D.A. Sup. R. Vol. 1, 91). When Landry and Baker were on the floor, Harper came in and tried to help Bell break them up. (D.A. Sup. R. Vol. 1, 91). Baker was on his back on the floor with the knife in his right hand. (D.A. Sup. R. Vol. 1, 91-92). Harper stepped on Baker's hand and

-6-

tried to get the knife out of it. (D.A. Sup. R. Vol. 1, 91-92). Landry grabbed Baker and put him

in a tight headlock but as he lost more blood, he loosened his grip. (D.A. Sup. R. Vol. 1, 92).

Landry's eyes rolled back and he fell to the ground. (D.A. Sup. R. Vol. 1, 92). Baker left the

apartment with the knife. (D.A. Sup. R. Vol. 1, 92). At trial, Bell identified People's exhibit 34

as the knife that Baker stabbed Landry with. (D.A. Sup. R. Vol. 1, 93).

The parties stipulated that a forensic investigator processed the scene and recovered a 13-

inch knife from the trash compactor on the first floor of 524 West Division. (D.A. Sup. R. Vol.

1, 100-01). The knife was inventoried and later examined by forensic scientists at the Illinois

State Police Forensic Science Center. (D.A. Sup. R. Vol. 1, 102). No latent fingerprint

impressions were suitable for comparison, but the presence of blood was detected. (D.A. Sup. R.

Vol. 1, 102-04). The blood was not further analyzed as there was an insufficient amount. (D.A.

Sup. R. Vol. 1, 106). The parties also stipulated that Dr. Kalekar of the Cook County Medical

Examiner's Office performed an autopsy on Landry and prepared People's exhibit 35, a post-

mortem examination report. (D.A. Sup. R. Vol. 1, 107). Neither a description of the wounds nor

the cause of death was included in the stipulation.

Catherine Kelly, a former assistant state's attorney, testified that she interviewed Baker at

Area 3 on July 26, 2000. (D.A. Sup. R. Vol. 1, 111-12). After she introduced herself and

advised him of his constitutional rights, Baker agreed to speak to her. (D.A. Sup. R. Vol. 1,

114). The first interview lasted twenty to thirty minutes. (D.A. Sup. R. Vol. 1, 115). ASA Kelly

spoke to Baker a second time, along with Detective Sobolewski, for another half hour. (D.A.

Sup. R. Vol. 1, 115-16). After the second conversation, Baker chose to give a handwritten

statement. (D.A. Sup. R. Vol. 1, 117).

-7-

In the statement, Baker explained that Landry is his brother's father. (D.A. Sup. R. Vol. 1, 125). On the afternoon of the offense, Baker first saw Landry at his mother's house at 630 West Evergreen, apartment 1303. (D.A. Sup. R. Vol. 1, 125). He and Landry got into a fight over some Popeye's chicken which was Landry's, but Baker had eaten a piece. (D.A. Sup. R. Vol. 1, 125). Baker's mother told Landry to leave, and Landry left. (D.A. Sup. R. Vol. 1, 125). She told Baker to cool down and to go for a walk. (D.A. Sup. R. Vol. 1, 125). Baker left his mother's house and walked around talking to himself about how mad he was about his fight with Landry. (D.A. Sup. R. Vol. 1, 125-26).

About an hour later, Baker went to his sister Zonya Tate's house at 624 West Division, apartment 1403. (D.A. Sup. R. Vol. 1, 126). When he got to Tate's apartment, Landry was sitting on the floor in the living room watching television with Holloway. (D.A. Sup. R. Vol. 1, 126). Bell was in the back room. (D.A. Sup. R. Vol. 1, 126). Baker kicked Landry's feet and told him to get out. (D.A. Sup. R. Vol. 1, 126). Baker was mad that Landry was at the apartment because he was still mad about the fight. (D.A. Sup. R. Vol. 1, 126). Landry got up and started to argue with Baker. (D.A. Sup. R. Vol. 1, 126).

Baker went into the kitchen. (D.A. Sup. R. Vol. 1, 126). Landry followed him. (D.A. Sup. R. Vol. 1, 126). Baker got a butcher knife that had a six to eight inch blade. (D.A. Sup. R. Vol. 1, 126). Baker and Landry went back into the living room. (D.A. Sup. R. Vol. 1, 126). Baker pointed the knife at Landry, waved it at him, and told him to get out. (D.A. Sup. R. Vol. 1, 126). Baker and Landry were face to face. (D.A. Sup. R. Vol. 1, 126). Landry punched Baker once in the face. (D.A. Sup. R. Vol. 1, 126-27). They started wrestling and fell on the couch. (D.A. Sup. R. Vol. 1, 127). Baker still had the knife in his hand. (D.A. Sup. R. Vol. 1, 127).

Baker stabbed Landry two to three times. (D.A. Sup. R. Vol. 1, 127). He could not remember

where he stabbed Landry, but thought that he stabbed Landry once in the stomach. (D.A. Sup. R.

Vol. 1, 127).

Bell and Harper tried to get the knife away from Baker. (D.A. Sup. R. Vol. 1, 127).

Baker got scared and dropped the knife down the incinerator then ran to his mother's house and

put his clothes down the incinerator at 630 West Evergreen. (D.A. Sup. R. Vol. 1, 127). He

walked around until detectives picked him up. (D.A. Sup. R. Vol. 1, 127). At the conclusion of

his statement, Baker stated that he was giving the statement voluntarily, he had been treated well

by the police and ASA Kelly, and he was not under the influence of drugs or alcohol. (D.A. Sup.

R. Vol. 1, 127). After Baker reviewed the statement, he added that Landry put him in a choke-

hold after Baker stabbed him. (D.A. Sup. R. Vol. 1, 128).

After the statement was published, the State rested. (D.A. Sup. R. Vol. 1, 131). The

defense moved for a directed finding, which was denied. (D.A. Sup. R. Vol. 1, 132). The

defense then rested. (D.A. Sup. R. Vol. 1, 133). After closing arguments, the court found Baker

guilty of two counts of first degree murder of Landry and one count of aggravated battery of Kip

Bell. (D.A. Sup. R. Vol. 1, 155).

Baker's motion for a new trial was denied. (D.A. Sup. R. Vol. 2, 4). At the sentencing

hearing, the State presented evidence in aggravation concerning a charge of attempt robbery, to

which Baker pleaded guilty in 1997. (D.A. Sup. R. Vol. 2, 11-25). The State also presented the

testimony and victim impact statements of Landry's sister, Dawn Jones, and his mother, Velma

Lois Landry. (D.A. Sup. R. Vol. 2, 26, 30). For the defense, Baker's mother and Landry's ex-

wife, Linda Tate, and Baker's sister, Zonya Tate, testified in mitigation that Baker was helpful

-9-

around the house and good with children. (D.A. Sup. R. Vol. 2, 36-41). The mother of Baker's

two children, Ursula Johnson, testified that Baker took care of his children. (D.A. Sup. R. Vol.

2, 41-42). Baker's aunt, Louella Ellison, testified that Baker was kind and respectful. (D.A. Sup.

R. Vol. 2, 43-45).

After the State and defense presented arguments, Baker addressed the court and

apologized. (D.A. Sup. R. Vol. 2, 60). Baker said that he wished it hadn't happened, but he was

tired of Landry beating on him and he was just defending himself. (D.A. Sup. R. Vol. 2, 60-61).

Baker wished it hadn't happened, because he loved Landry like a father. (D.A. Sup. R. Vol. 2,

60-61). Baker also apologized to the Landry family. (D.A. Sup. R. Vol. 2, 61). The court

sentenced Baker to 30 years in prison on the two counts of first degree murder, which the court

merged for sentencing. (D.A. Sup. R. Vol. 2, 62-63; C91). The court also sentenced Baker to a

term of five years for aggravated battery, to run concurrent with the murder sentence. (D.A. Sup.

R. Vol. 2, 63; C91). Baker's motion to reconsider sentence was denied. (D.A. R. 4).

On direct appeal, this Court affirmed Baker's conviction, and remanded the case for

resentencing, finding that the circuit court was required to impose consecutive, rather than

concurrent, sentences. *People v. Baker*, 1-03-0688, Order at 7-8 (November 4, 2004). Pursuant

to this Court's order, but prior to this Court issuing its mandate, the circuit court, on January 21,

2005, informed the defense that it would not let it present any evidence in mitigation at the

resentencing hearing, and that it was only before the circuit court for it to impose consecutive

sentences. (R. R. 7, 9, 11). The circuit court imposed a sentence of 30 years for the murder, to

run consecutive to 5 years for the aggravated battery. (R. C32). On February 17, 2005, counsel

on behalf of Baker filed a motion to reconsider the sentence, arguing that it was excessive. (R.

-10-

C33). The circuit court denied the motion on March 14, 2005. (R. R. 14-15). Baker filed a notice of appeal that same day. (R. C103). Thereafter, this Court issued its mandate from its November 2, 2004 Order. Accordingly, on May 31, 2005, the circuit court held a second sentencing hearing. This time, it sentenced Baker to 25 years for the murder, consecutive to 5 years for the aggravated battery. (R. Sup. C2). Thereafter, on June 22, 2005, Baker filed a timely notice of appeal.

## ARGUMENT

**I.    The Circuit Court Erred In Re-Sentencing Montez Baker Without Allowing Him To Present Evidence In Mitigation, As Prescribed By 730 ILCS 5/5-5-3(d).**

At the re-sentencing hearing held on January 21, 2005, the court informed Baker's attorney that it would not hear any evidence in mitigation, as the case was remanded for the imposition of consecutive sentences only.  (R. R. 7, 9, 11).  This belief on the part of the judge, however, is inconsistent with the statute on re-sentencing, 730 ILCS 5/5-5-3(d), and, thus, the court erred in not allowing the defense to present any mitigation.  As a result, this cause should be remanded for re-sentencing again, with instructions that it be conducted in accordance with 730 ILCS 5/5-5-3(d).

Because the actions of the trial court are not disputed and the issue presented is whether the judge failed to follow a statute as required under the law, the standard of review is *de novo*. *Branson v. Dep't of Revenue*, 168 Ill.2d 247, 254, 659 N.E.2d 961 (1995); *People v. Saunders*, 288 Ill.App.3d 523, 525, 680 N.E.2d 790 (4th Dist. 1997).

This Court's direction to the circuit court was clear in requiring re-sentencing on remand, in that the court ordered that the case be remanded for re-sentencing.  The statutes, in turn, are clear in what the circuit court was required to do on the remand ordered by this Court.  Section 5-5-3(d) of the Unified Code of Corrections [730 ILCS 5/5-5-3(d) (West 2004)] states in pertinent part as follows:

> (d) In any case in which a sentence originally imposed is vacated, the case shall be remanded to the trial court.  The trial court shall hold a hearing under Section 5-4-1 of the Unified Code of Corrections [citation omitted] which may include evidence of the defendant's life, moral character and occupation during

-12-

the time since the original sentence was passed.  The trial court shall then impose sentence upon the defendant.

Section 5-5-3(d), in the language quoted above, demanded that the court, on remand, "shall hold a hearing under Section 5-4-1" of the Code.  That section, in the portions pertinent to the case here, provides as follows:

§5-4-1.  Sentencing Hearing.
(a) Except when the death penalty is sought under hearing procedures otherwise specified, after a determination of guilt, a hearing shall be held to impose the sentence.

* * *

At the hearing the court shall:

(1) consider the evidence, if any, received upon the trial;
(2) consider any presentence reports;
(3) consider the financial impact of incarceration based on the financial impact statement filed with the clerk of the court by the Department of Corrections;
(4) *consider evidence and information offered by the parties in aggravation and mitigation*;
(5) hear arguments as to sentencing alternatives;
(6) afford the defendant the opportunity to make a statement in his own behalf;

* * *

730 ILCS 5/5-4-1(a) (West 2004) (emphasis added).

This Court ordered re-sentencing and the statutes require a new sentencing hearing on remand.  It is clear, however, that the circuit court did not comply with this Court's mandate or the pertinent statutes on remand.  The circuit court attempted to resolve the case shortly after this Court's Order was issued.  From the very brief hearing held on January 21, 2005, it is obvious that the circuit court wanted to get this matter out of the way quickly, as evidenced by the court

holding the initial hearing even before the mandate was issued. (R. R. 7-11). Indeed, the judge specifically stated, "[t]o answer your question, no additional mitigation/aggravation is not [sic] required here. It is a simple imposition of the nature of this sentence that is consecutive. That's simply all that was required by the mandate." (R. R. 11). The court quickly switched the original sentences, 30 years for the murder and 5 years for the aggravated battery, from concurrent to consecutive, and then went on to advise Baker of his appellate rights. (R. R. 11-12).

The circuit court then held a second re-sentencing hearing, on May 31, 2005. (R. R. Sup. A1-A7). The reason for holding a second hearing is not stated in the record, but it appears it was held because this Court had not yet issued its mandate at the time the court held the first re-sentencing hearing on January 21, 2005. The mandate was issued on April 27, 2005. At the second hearing, the court again did not hear any mitigation or aggravation, and simply imposed a new sentence of 25 years for the murder and 5 years for the aggravated battery, to run consecutive. (R. R. Sup. A1-A7). The court then went on to give Baker a very abbreviated version of his appellate rights. (R. R. Sup. A5-A7).

Obvious in all this is that the trial court did not even attempt to comply with sections 5-5-3(d) and 5-4-1(a). The court, very simply, did not "hold a hearing under Section 5-4-1" as required by Section 5-5-3(d). It did not comply with Section 5-4-1(a) either. Specifically, the court did not allow the parties to present evidence in aggravation and mitigation, despite the defense asking if the court would hear it. The court did not ask if the parties had additional information to offer on the topic of "defendant's life, moral character and occupation during the time since the original sentence was passed" [Section 5-4-1(a)(4); quote from Section 5-5-3(d)].

-14-

The trial court likewise did not entertain arguments as to the sentence to be imposed on remand [Section 5-4-1(a)(5)] or allow the defendant to make a statement on his own behalf [Section 5-4-1(a)(6)]. Quite clearly, the trial court failed to conduct an adequate sentencing hearing on remand from this Court's order to conduct resentencing in this case. *See, e.g., People v. Hammonds*, 21 Ill. App. 3d 5, 314 N.E.2d 711, 713-14 (5th Dist. 1974) (trial court failed to comply with Section 5-4-1 in conducting proceedings on remand for resentencing). Also important is that Baker had a right at resentencing to present mitigating evidence. 730 ILCS 5/5-5-3.1. Furthermore, a defendant is entitled to present evidence of his conduct in prison as mitigation evidence. *See People v. Daniels*, 173 Ill. App. 3d 752, 756-757, 527 N.E.2d 993 (1st Dist. 1988) ("Although it is true that evidence of good prison conduct following the original sentence does not, standing alone, entitle a defendant to a sentence reduction on remand, we believe that in this case the trial court should have given some consideration to the defendant's prison conduct.") (citation omitted). The remedy is for this Court to again order resentencing. *See, e.g., Hammonds*, 314 N.E.2d at 714; *see also People v. Pittman*, 24 Ill. App. 3d 1089, 322 N.E.2d 609 (5th Dist. 1975) (resentencing ordered where trial court did not conduct new sentencing hearing as ordered on prior appeal).

In arguing as he does, Baker does not ignore the fact that his trial attorney did not insist upon the circuit court's compliance with Sections 5-5-3(d) and 5-4-1(a). Indeed, he acknowledges that the attorney said next to nothing at the hearing on May 31, 2005, except to talk about the sentencing credit. (R. R. Sup. A1-A7). This Court nevertheless should consider Baker's present argument on appeal. The courts have ruled that a less strict rule of waiver should be applied to issues concerning a trial judge's actions and conduct in a case. *See, e.g., People v.*

-15-

*Nevitt*, 135 Ill. 2d 423, 553 N.E.2d 368, 381 (1990); *People v. Westpfahl*, 295 Ill. App. 3d 237,

692 N.E.2d 831, 834 (3rd Dist. 1998). Those cases obviously recognize the difficulty in defense

counsel's challenging the trial court in such a situation. In this case, Baker's attorney made an

attempt, at the first hearing on January 21, 2005, to find out if the court would allow him to

present mitigation evidence. The court said no, and then was clearly determined to conduct a

brief, summary proceeding rather than a full sentencing hearing. Moreover, while counsel did

not mention presenting any mitigation evidence at the hearing on May 31, 2005, the court had

already been clear in its ruling on this issue. Had counsel kept arguing, he would have

interrupted the court at his and Baker's peril. His failure to make an interruption should not be

deemed a waiver of defendant's argument now on appeal.

Also, while Baker did not file a motion for reconsideration of sentence after the May 31,

2005 hearing, this failure should not be a bar to his raising this issue on appeal, as the circuit

court did not inform him of his need to do so, as is required under Supreme Court Rule

605(a)(3). (R. R. Sup. A5); (see Argument II, *infra*). Accordingly, because Baker was not

informed of the requirement that he first file a motion for reconsideration of sentence before

raising any sentencing issues on appeal, this Court should not find this argument waived, as

Baker should not be penalized for his failure.

Alternatively, this Court should review this issue under the plain error doctrine. The

plain error doctrine allows a reviewing court to review issues that were not preserved when the

evidence is closely balanced or if the error is so substantial that the error denied a defendant a fair

trial. *People v. Herron*, 207 Ill. 2d 617, 807 N.E.2d 979 (2005). Plain error may be considered

"where the record clearly shows that an alleged error affecting substantial rights was committed."

-16-

*People v. Keene*, 169 Ill. 2d 1 (1995). In this case, the error was so substantial that Baker was denied a fair sentencing hearing. This is the case because a defendant clearly has the right to present mitigating evidence at a resentencing hearing. *See People v. Daniels*, 173 Ill. App. 3d 752, 756-757, 527 N.E.2d 993 (1st Dist. 1988). The circuit court denied Baker a fair sentencing hearing when she denied him this right.

Accordingly, this Court, in sum, should consider the defendant's argument on this appeal, an appeal following a prior decision by this Court. The Court should note that it had ordered resentencing in this case. It should also note that Sections 5-5-3(d) and 5-4-1(a) are blunt as to what is required on resentencing. The Court should rule that the summary procedure conducted on remand here did not comply with this Court's mandate or the statutes. The Court should again vacate defendant's sentence and remand for resentencing.

**II.    The Trial Court Failed to Adequately Admonish Montez Baker Regarding His**

**Right to Appeal His Sentence under Illinois Supreme Court Rule 605(a), and Baker Was**

**Denied Real Justice as a Result.**

In the event that this Court finds Argument I waived as a result of Baker failing to file a

motion for reconsideration of sentence, this case must be remanded for the circuit court to

properly admonish Baker pursuant to Supreme Court Rule 605(a) and to allow Baker the

opportunity to file a motion to reconsider sentence.

The circuit court admonished Baker regarding his appellate rights after the May 31, 2005

sentencing hearing. (R. R. Sup. A5). However, these admonishments were deficient as they

failed to strictly, or even substantially, comply with the requirements enumerated in Illinois

Supreme Court Rule 605(a). Because the circuit court provided deficient admonishments, and

because Baker has a legitimate sentencing issue (see Argument I), this Court should remand this

cause to the circuit court for proper Rule 605(a) admonishments so that Baker is afforded a

meaningful opportunity to challenge his sentence.

Here, the circuit court's failure to properly articulate Baker's rights under Rule 605(a)

denied Baker critical information impacting his appellate rights and also denied Baker the right,

independent of his right to appeal, to a meaningful opportunity to have the circuit court

reconsider his sentence. Had Baker been so admonished, he would have had another opportunity

to argue to the circuit court, in his motion to reconsider sentence, that he had the right to present

mitigating evidence which would have warranted a reduced sentence. Thus, should this Court

decline to grant Baker relief on his sentencing claim, this Court must remand this cause so that

the circuit court can exercise its discretion on Baker's sentencing challenge with the benefit of

-18-

more fully developed arguments for mitigation.

Where, as in the instant case, there is no factual dispute regarding the admonishments and the issue concerns compliance with a Supreme Court Rule, the standard of review is *de novo*. *People v. Lloyd*, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169 (1st Dist. 2003).

Supreme Court Rule 605(a) requires a trial court to give specific admonishments regarding a defendant's appeal rights. Ill. Sup. Ct. R. 605(a) (2003). Rule 605(a)(3) provides that after finding a defendant guilty and imposing a sentence, the trial court must advise the defendant:

> A.    that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within (30) days from the date on which sentence is imposed;
>
> B.    that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing;
>
> C.    that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived; and
>
> D.    that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of any challenges to the sentencing hearing.

Ill. Sup. Ct. R. 605(a) (2003). Rule 605(a) admonishments are critical because a defendant who fails to follow them will be barred from appealing the sentence except under the plain error rule.

-19-

*People v. Henderson*, 217 Ill.2d 449, 462, 841 N.E.2d 872 (2005); *People v. Breedlove.* 213

Ill.2d 509, 521-22, 821 N.E.2d 1176 (2004).

Where a defendant is not properly advised by the trial court of the Rule 605(a)

requirements, and the defendant has been prejudiced by the court's error, the matter must be

remanded for proper admonishments and to give the defendant the opportunity to properly raise

the issue. *People v. Henderson*, 217 Ill.2d 449, 841 N.E.2d 872 (2005).

Here, after modifying Baker's sentences, the trial court admonished Baker as follows:

| Court: | Of course, you have a right, I'm sure, to appeal your new sentence, which is the same as the other, but divided up. You understand? |
|---|---|
| Baker: | Yes. |
| Court: | It is the exact same as the original sentence, the term of years. You must do so in the next thirty days. If you can't afford an attorney, the Court will provide you with an attorney and a copy of the transcript of today's hearing. |
| Baker: | Yes, Ma'am. |

(R. R. Sup. A5).

Clearly, the court failed to advise Baker of the procedures as required by Rule 605(a).

The court failed to inform Baker: (1) that he had a right to file a motion to reconsider sentence;

(2) that the motion to reconsider sentence had to set forth all issues or claims of error regarding

his sentence and any challenges regarding the sentencing hearing; (3) that any issue not set forth

in the motion to reconsider sentence would be deemed waived; and (4) that after disposition on a

motion to reconsider sentence, he could file a notice of appeal, and that this notice of appeal

needed to be filed within 30 days of the denial of his motion to reconsider sentence. *See* Ill. Sup.

Ct. R. 605(a) (2003). These admonishments failed to comply with Rule 605(a). Consequently,

-20-

because Baker was prejudiced by his inability to raise his meritorious sentencing issue, Baker's case should be remanded for proper 605(a) admonishments so he may exercise his right to raise and preserve any sentencing errors.

Baker suffered prejudice as a result of the trial court's failure to give proper admonishments. A defendant who is not properly admonished under Rule 605(a)(3) is prejudiced because he risks forfeiting the right to raise sentencing issues on appeal. *See People v. Henderson*, 217 Ill.2d 449, 462, 841 N.E.2d 872 (2005); *People v. Breedlove*. 213 Ill.2d 509, 521-22, 821 N.E.2d 1176 (2004). In the instant case, Baker did not file a motion to reconsider sentence. Baker has, however, asserted a sentencing issue on appeal that was not raised in any motion at the trial court stage. (See Argument I); *see People v. Polk*, 349 Ill. App. 3d 760, 812 N.E.2d 675 (1st Dist. 2004) (distinguishing case from other cases in which defendants did not specify any sentencing issues on appeal, and ordering the cause be remanded for proper Rule 605(a) admonishments where defendant did not file a post-sentencing motion but raised a sentencing issue on appeal).

Moreover, Baker suffered prejudice where the inadequate admonishments and Baker's subsequent failure to file a motion to reconsider sentence denied the trial court the first opportunity to review Baker's claim of sentencing error and, if warranted, correct that error. *People v. Taylor*, 345 Ill. App. 3d 1064, 1083, 804 N.E.2d 116 (4th Dist. 2004); *see also People v. Rathbone*, 345 Ill. App. 3d 305, 310, 802 N.E.2d 333 (4th Dist. 2004) (discussing the importance of the trial court's having the first opportunity to review a defendant's sentencing contentions).

In sum, Baker's cause must be remanded for proper admonishments where the circuit

-21-

court failed to comply with Rule 605(a) and Baker was prejudiced in being precluded from raising his sentencing issue in a post-judgment motion. For these reasons, this Court should remand the cause for proper Rule 605(a) admonishments so that Baker is given a meaningful opportunity to challenge his sentence.

## CONCLUSION

For the foregoing reasons, Montez Baker, Defendant-Appellant, respectfully requests that this Court remand this cause for a new sentencing hearing. In the alternative, Baker respectfully requests that this Court remand this cause to the circuit court for it to give Baker proper admonishments under Supreme Court Rule 605(a).

Respectfully submitted,

MICHAEL J. PELLETIER
Deputy Defender

REBECCA I. LEVY
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR DEFENDANT-APPELLANT

## APPENDIX TO THE BRIEF

Index to the Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  A-1

Judgment Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  A-2

Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  A-3

# INDEX TO THE RECORD

**Common Law Record ("C")**                                                      **Page**

Certified Statement of Conviction/Disposition ...................................... 2

Memorandum of Orders ("Half Sheet") .......................................... 12

Indictment (August 25, 2000) ................................................... 20

Sentencing Order (November 1, 2002, January 21, 2005) .......................... 24, 32

Motion to Reconsider Sentence (November 27, 2002, February 17, 2005) ............ 25, 33

Defendant's Motion for Extension of Time to File Appellant's Record (June 5, 2003) ...... 26

Presentence Investigation Report (October 4, 2002) ................................ 34

Victim Impact Statements ................................................. 87-91

Stipulations ........................................................... 92–98

Rule Order 23 (November 4, 2004) ............................................ 99

Notice of Appeal (March 14, 2005, July 7, 2005) ........................... 103, 104

**Supplemental Common Law Record (S.C.)**

Notice of Appeal (May 31, 2005) .............................................. 2

**Report of Proceedings ("R")**

|                                                  | **Direct** | **Cross** | **Redir.** | **Recr.** |
|--------------------------------------------------|------------|-----------|------------|-----------|
| January 3, 2005 - Continuance                    |            |           |            | 5         |
| January 21, 2005 - Sentencing Hearing            |            |           |            | 12        |
| March 14, 2005 - Motion to Reconsider - Denied   |            |           |            | 15        |

**Supplemental Report of Proceedings (S.R.)**

| May 31, 2005 - Sentence is Nunc Pro Tunc         |            |           |            | A7        |

IN THE CIRCUIT COURT OF COOK COUNTY

| | | | |
|---|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER | 00CR2017501 |
| V. | ) | DATE OF BIRTH | 06/12/73 |
| MONTEZ    BAKER | ) | DATE OF ARREST | 07/25/00 |
| Defendant | | IR NUMBER 0906299   SID NUMBER 029159050 | |

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS
==================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 01 | 720-5/9-1(A)(1) | MURDER/INTENT TO KILL/INJURE | YRS. 030  MOS. 00 | M |
| | and said sentence shall run concurrent with count(s) __ __ __ __ | | | |
| 02 | 720-5/9-1(A)(2) | MURDER/STRONG PROB KILL/INJURE | YRS. 030  MOS. 00 | M |
| | and said sentence shall run concurrent with count(s) __ __ __ __ | | | |
| 03 | 720-5/12-4(B)(1) | AGG BATTERY/WEAPON/NO FIREARM | YRS. 005  MOS. 00 | 3 |
| | and said sentence shall run consecutive to count(s)   001  002 __ __ | | | |
| | | | YRS. ____  MOS. ____ | ____ |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | |
| | | | YRS. ____  MOS. ____ | ____ |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | |

On Count ___ defendant having been convicted of a class _ offense is sentenced as class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 0829 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) _____ AND: consecutive to the sentence imposed under case number _____

IT IS FURTHER ORDERED THAT SENTENCE NUNC PRO TUNC FROM 11/01/2002

CORRECTED MITT ISSUED _____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take his/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED    JANUARY 21, 2005          ENTER: 01/21/05

CERTIFIED BY  E BELMARES
         DEPUTY CLERK

GCPG 01/21/05 10:40:47

JUDGE: CLAY, EVELYN B.        1692

CCG N305

ENTERED
TIME
JAN 21 2005
Judge Evelyn Clay
Dorothy Brown
Clerk of the Circuit Court
Criminal Division
Deputy Clerk Signature

C00032

05-2181

1234

## IN THE CIRCUIT COURT OF COOK COUNTY

### CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | IND./INF. No. 00 CR 20175 |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | Trial Judge: Evelyn B. Clay |
| -vs- | ) | |
| | ) | Trial Atty: |
| BAKER, MONTEZ | ) | |
| | ) | Type of Trial: Remand/Resentencing |
| Defendant-Appellant. | | |

### NOTICE OF APPEAL

An appeal is taken to the Appellate Court, First District:

Appellant(s) Name:         Montez Baker

Appellant's Address:        Illinois Department of Corrections

Appellant(s) Attorney:      Office of the State Appellate Defender

Address:                   203 North LaSalle Street - 24th Floor
                          Chicago, Illinois 60601

Offense of which convicted: Two counts first degree murder and aggravated battery/weapon

Date of Judgment or Order:  May 31, 2005

Sentence:                  Two concurrent 25 year and 5 year terms

If appeal is not from a conviction, nature of order appealed:

*Michael J. Pelletier*

_____

**MICHAEL J. PELLETIER**
Deputy Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472
COUNSEL FOR DEFENDANT-APPELLANT

FILED
JUN 2 2 2005
DOROTHY BROWN
CLERK OF CIRCUIT COURT

RECEIVED
JUL 0 7 2005
PARALEGAL DEPARTMENT
Office of the State Appellate Defender
1ST DISTRICT

104

NO. 05-2181

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

---

PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

vs.

MONTEZ BAKER,

Defendant-Appellant.

---

Appeal from the Circuit Court of Cook County, Criminal Division
Honorable EVELYN B. CLAY, Judge Presiding.

BRIEF AND ARGUMENT FOR
PLAINTIFF-APPELLEE

---

RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 - Richard J. Daley Center
Chicago, Illinois 60602

Attorney for Plaintiff-Appellee.

JAMES E. FITZGERALD,
WHITNEY BOND,
Assistant State's Attorneys,
Of Counsel.

MEGAN E. FISHER, a law student at DePaul University Law School, and law clerk in the
Cook County State's Attorney's Office, Criminal Appeals Division assisted in the research and
preparation of this brief.

EXHIBIT Q

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

---

PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

vs.

MONTEZ BAKER,

Defendant-Appellant.

---

## POINTS AND AUTHORITIES

### I.

**THE TRIAL COURT PROPERLY RE-SENTENCED DEFENDANT, WHERE DEFENDANT HAS WAIVED THE ISSUE, THE ERROR WAS HARMLESS, AND THIS COURT'S MANDATE SPECIFICALLY DIRECTED THE TRIAL COURT TO ONLY IMPOSE CONSECUTIVE SENTENCES ............**   **10**

People v. Reed, 177 Ill. 2d 389,
   686 N.E.2d 584 (1997) ......................................................................   11

People v. McDade, 345 Ill. App. 3d 912 (1st Dist. 2004) ..............................   11, 12

People v. Turner, 282 Ill. App. 3d 770 (1st Dist. 1996) .................................   11, 12

People v. Byrd, 285 Ill. App. 3d 641 (1st Dist. 1996) ....................................   11

People v. Jones, 289 Ill. App. 3d 1 (1st Dist. 1997) .......................................   11

People v. Cortes, 181 Ill. 2d 249,
   692 N.E.2d 1129 (1998) .....................................................................   11

1

People v. Herron, 215 Ill. 2d 167,
    830 N.E.2d 467 (2005) ........................................................................    12

People v. Thomas, 178 Ill. 2d 215,
    687 N.E.2d 892 (1997) ........................................................................    12

People v. Herrett, 137 Ill. 2d 195,·
    561 N.E.2d 1 (1990) ............................................................................    12

People v. Davis, 145 Ill. 2d 240,
    582 N.E.2d 714 (1991) ........................................................................    12

People v. Tye, 323 Ill. App. 3d 872 (1st Dist. 2001)......................................    12

People v. Beals, 162 Ill. 2d 497,
    643 N.E.2d 789 (1994) ........................................................................    12

People v. Parker, 194 Ill. App. 3d 1048 (1st Dist, 1990)................................    13

People v. Demeron, 153 Ill. App. 3d 440 (1st Dist. 1987) ..............................    13

People v. Caffey, 205 Ill. 2d 52,
    792 N.E.2d 1163 (2001) ......................................................................    13

People v. Wilkerson, 87 Ill. 2d 151,
    429 N.E.2d 526 (1981) ........................................................................    13

People v. Hall, 195 Ill. 2d 1,
    743 N.E.2d 126 (2000) ........................................................................    14

People ex rel. Daley v. Schreier, 92 Ill. 2d 271,
    442 N.E.2d 185 (1982) ........................................................................    14

People v. Walsh, 101 Ill. App. 3d 1146 (1st Dist. 1981)................................    14

People v. Lowther, 85 Ill. App. 3d 735 (2nd Dist. 1980)................................    14

People v. Lucas, 215 Ill. App. 3d 148 (4th Dist. 1991) ..................................    14

People v. Winters, 349 Ill. App. 3d 747 (1st Dist. 2004) ..............................    14

People v. Baker, No. 01-03 0688 (1st Dist. 4th Div. 2004),
    (unpublished order pursuant to Supreme Court Rule 23,
    1st Dist., 4th Div., November 4, 2004)....................................................    *passim*

2

People v. George, 75 Ill. App. 3d 140 (5th Dist. 1979) .................................. 16

People v. Hammonds, 21 Ill. App. 3d 5 (5th Dist. 1974) ............................... 18

People v. Daniels, 173 Ill. App. 3d 752 (1st Dist. 1988) ............................... 19, 20

730 ILCS 5/5-8-1(a)(1)(a), (a)(6) (West 2004) .............................................. 18

730 ILCS 5/5-8-1(c) (Lexis 2006) .................................................................. 11

730 ILCS 5/5-8-4 (West 2002) ........ ............................................................. 14

730 ILCS 5/5-5-3(d) ........................................................................................ 16

730 ILCS 5/5-8-4(a) and (b) (West 2002) ...................................................... 15, 16

## II.

### DEFENDANT WAS NOT DENIED ANY REAL JUSTICE WHEN FULL ADMONISHMENTS WERE NOT GIVEN BY THE TRIAL COURT, WHERE DEFENDANT DID NOT CHALLENGE HIS SENTENCE ON APPEAL AND WHERE DEFENDANT FAILED TO PRESENT ANY MITIGATION EVIDENCE ...................................................... **21**

People v. Henderson, 217 Ill. 2d 449,
    841 N.E.2d 872 (2005) .......................................................................... 21

People v. Davis, 145 Ill. 2d 240,
    582 N.E.2d 714 (1991) .......................................................................... 21

People v. Burdine, 362 Ill. App. 3d 19 (1st Dist. 2005) ................................ 21

People v. McColler, 363 Ill. App. 3d 81 (1st Dist. 2005) .............................. 21

People v. Quinones, 362 Ill. App. 3d 385 (1st Dist. 2005) ............................ 21

People v. Hay, 362 Ill. App. 3d 459 (2nd Dist. 2005) .................................... 21-22

People v. Rizzo, 362 Ill. App. 3d 444 (2nd Dist. 2005) .................................. 22

People v. Williams, 344 Ill. App. 3d 334 (3rd Dist. 2003) ............................. 22

People v. Spivey, 351 Ill. App. 3d 763 (1st Dist. 2004) ................................. 22

People v. Breedlove, 213 Ill. 2d 509,
   821 N.E.2d 1176 (2004) .......................................................................   22

People v. Williams, 344 Ill. App. 3d 334,
   800 N.E.2d 168 (2003) .........................................................................   23

People v. Glenn, 363 Ill. App. 3d 170 (2nd Dist. 2006) .................................   23

Ill. Sup. Ct. R. 605(a)............................................................................   22, 23, 24

## STATEMENT OF FACTS

Defendant, Montez Baker, was arrested on July 25, 2000, for the murder of Daryl Landry and wounding of Kip Bell. (C.L. Vol. I, C9)  Under Indictment No. 00 CR 20175, defendant was charged with first degree murder and aggravated battery. (C.L. Vol. I, 13-16)  On September 19, 2002, after a bench trial before the Honorable Evelyn B. Clay, defendant was found guilty of first degree murder and aggravated battery. (Supp. R. Vol. I, E133) After considering the arguments in aggravation and mitigation, the trial court sentenced defendant to concurrent terms of thirty and five years' incarceration in the Illinois Department of Corrections. (Supp. R. Vol. II, 61-63)  On direct appeal, this Court affirmed defendant's convictions, vacated the concurrent sentences imposed at trial, and remanded for the re-sentencing of consecutive sentences.  People v. Baker, No. 1-03-0688 (1st Dist. 4th Div., November 4, 2004).  On January 21, 2005 and May 31, 2005, the trial court re-sentenced defendant to consecutive terms of twenty-five and five years' incarceration in the Illinois Department of Corrections. (R. Vol. II, B7; Supp. R. Vol. II, 61-63)

The evidence adduced at trial is as follows.  On July 25, 2000, Kip Bell, Hollis Holloway, and Darryl "Cesar" Landry, the victim, were watching television in the living room of Zonya Tate's residence at 624 West Division, apartment 1403.  (Supp. R. Vol. I, E63) Timothy Harper was watching television with Kelly Sandifer at her residence, located at 624 West Division, apartment 1401. (Supp. R. Vol. I, E16)  Harper was friends with Landry and defendant.  (Supp. R. Vol. I, E21)  At approximately 2:30 p.m., Harper's niece came to apartment 1401 to speak with Harper and Sandifer. (Supp. R. Vol. I, E18)  After speaking with his niece, Harper and Sandifer went to the apartment 1403, which was located next door. (Supp. R. Vol. I, E19)  Defendant and Landry were engaged in a verbal argument inside

5

apartment 1403. (Supp. R. Vol. I, E20)  Harper and Sandifer left after a minute because they thought the argument was going to stop. (Supp. R. Vol. I, E22)

A few minutes later, Harper's niece returned to Sandifer's apartment and told them about a fight that was now taking place in apartment 1403. (Supp. R. Vol. I, E48)  Sandifer went back to apartment 1403. (Supp. R. Vol. I, E48)  Harper remained on the couch in apartment 1401. (Supp. R. Vol. I, E48)  When Sandifer entered apartment 1403, she saw defendant and Landry wrestling. (Supp. R. Vol. I, E49)  Landry did not have any weapon in his hands. (Supp. R. Vol. I, E25, 50-51, 66)  Sandifer saw defendant holding a large knife with a black handle. (Supp. R. Vol. I, E50)  She also saw Landry hit defendant in the face. (Supp. R. Vol. I, E57)  As Landry was holding defendant against the wall, defendant stabbed Landry three times in the back. (Supp. R. Vol. I, E50)  Blood flowed from Landry's head and back. (Supp. R. Vol. I, E52)

Meanwhile, Harper heard Sandifer screaming. (Supp. R. Vol. I, E23)  Harper rushed to apartment 1403.  (Supp. R. Vol. I, E23)  As Harper entered the apartment, he also saw defendant holding a butcher knife in his hand. (Supp. R. Vol. I, E25)  Harper noticed that Landry was bleeding from his head and his shoulder blade. (Supp. R. Vol. I, E28)  Bell was in the bedroom when he heard the sound of glass breaking in the living room. (Supp. R. Vol. I, E65)  Bell returned to the living room, and he saw defendant with a knife in his right hand. (Supp. R. Vol. I, E66)  Bell also saw Landry holding defendant's right arm against the wall. (Supp. R. Vol. I, E66, 73)

Harper joined Bell in attempting to separate the defendant from Landry. (Supp. R. Vol. I, E26, 51, 67)  As Bell tried to grab defendant's hand, defendant slashed Bell's left wrist with the knife. (Supp. R. Vol. I, E51, 67)  Defendant and Landry fell onto the couch. (Supp. R.

6

Vol. I, E68)  Bell grabbed both Landry and defendant by the legs and tried to drag them outside.  (Supp. R. Vol. I, E68)  Harper tried to step on defendant's knife, but defendant's grip was too tight and he would not let go.  (Supp. R. Vol. I, E27)  Landry grabbed defendant tightly to hold him down.  (Supp. R. Vol. I, E53, 69)  However, as Landry lost more and more blood, his grip on defendant loosened.  (Supp. R. Vol. I, E69)  His eyes rolled back.  (Supp. R. Vol. I, E69)  Landry, still bleeding from his head and his shoulder blade, fell backwards to the apartment floor.  (Supp. R. Vol. I, E69)  Landry was unconscious.  (Supp. R. Vol. I, E53)

Defendant left the apartment.  (Supp. R. Vol. I, E31, 70)  He walked to the incinerator, threw the knife down the chute, and ran down the hallway.  (Supp. R. Vol. I, E31, 53-54)  Ten minutes later, Harper saw defendant, dressed only in his boxer shorts, near another incinerator in a building located at 630 West Evergreen in Chicago.  (Supp. R. Vol. I, E33, 40)  Defendant had thrown his clothes down the incinerator chute.  (Supp. R. Vol. I, E104)  Harper thought that defendant was drunk, although he did not see defendant drink any alcohol that day.  (Supp. R. Vol. I, E34-35)  Harper asked the defendant, "What are you doing, man?" to which defendant replied, "He should not have took my food."  (Supp. R. Vol. I, E34)  Defendant also said that he would "kill that bitch again."  (Supp. R. Vol. I, E34)  In his statement to police after his arrest, defendant stated that he then walked around until detectives picked him up.  (Supp. R. Vol. I, E104)

Defendant was convicted of first degree murder and aggravated battery on September 9, 2002.  (Supp. R. Vol. I, E133)  After a hearing in aggravation and mitigation on November 11, 2002, the trial court sentenced defendant to concurrent thirty and five year terms for first degree murder and aggravated battery respectively.  (Supp. R. Vol. II, A61-62)  The trial court admonished defendant of his appeal rights.  (Supp. R. Vol. II, A62-63)  The trial court also

7

denied defendant's motion for a new trial. (Supp. R. Vol. II, A4)  On February 5, 2003, the
trial court denied defendant's motion to reconsider his sentence. (R. Vol. I, A4)

Defendant appealed his conviction and sentence, arguing: (1) defendant's conviction for
first degree murder should be reduced to second degree murder, because the evidence
established that at the time of the killing, defendant acted under a sudden and intense passion
resulting from serious provocation of mutual combat; (2) defendant's sentences imposed by the
trial court were excessive and should be reduced; and, (3) the sentencing order should be
amended to reflect a conviction on only one count of first degree murder, rather than two.
People v. Baker, No. 1-03-0688 (1st Dist. 4th Div., 2004).  On November 4, 2004, this Court
affirmed defendant's convictions, but vacated defendant's concurrent sentences and remanded
for re-sentencing and the imposition of consecutive sentences. Id. at 8.

In holding that defendant did not act under the sudden and intense passion of mutual
combat at the time he killed Landry, Justice Theis, writing the opinion for this Court, noted the
evidence established that:  (1) defendant was the aggressor; (2) he had the knife in his hands
before any wrestling between he and Landry began; (3) Landry was not armed; and, (4) Landry
fought back simply to attempt to stop defendant from stabbing him. Id. at 6-7.  This Court also
held that under sections 5-8-4(a) and (b) of the Unified Code of Corrections (730 ILCS 5/5-8-4
(West 2002)), regardless of whether the offenses were committed within a single or separate
course of conduct, defendant's sentences must be consecutive because murder was a triggering
offense and defendant inflicted severe bodily injury. Id. at 7.  This Court held that defendant's
concurrent sentences were void and remanded for re-sentencing. Id. at 7-8.  Lastly, in holding
that the cause be remanded for re-sentencing, this Court noted it did not need to determine

8

whether defendant's sentences were excessive.[1]  Consequently, this Court affirmed defendant's

conviction of first degree murder and aggravated battery, vacated his concurrent sentences, and

remanded the case for re-sentencing of consecutive sentences.  Id.

On January 21, 2005, the Honorable Evelyn B. Clay, who presided over defendant's

trial, held a re-sentencing hearing on the aggravated battery charge.  (R. Vol. II, 7)  The trial

court voided defendant's concurrent sentence and imposed a five year sentence for the charge

of aggravated battery, to run consecutive to the thirty year sentence for the charge of first

degree murder.  (R. Vol. II, 8)  Judge Clay also held that "no additional mitigation/aggravation

is [sic] required here.  It is a simple imposition of the nature of this sentence that is consecutive.

That's simply all that was required by the mandate."  (R. Vol. II, 11)  On March 14, 2005, the

trial court denied defendant's motion to reconsider re-sentencing.  (R. Vol. II, 15)

On May 31, 2005, the Honorable Evelyn B. Clay again held a re-sentencing hearing,

this time on the first degree murder charge.  (Supp. R. Vol. III, A3)  The court re-sentenced

defendant to twenty-five years on the first degree murder conviction, to run consecutive with

the five year sentence for his aggravated battery conviction.  (Supp. R. Vol. III, A5)  Judge

Clay also admonished the defendant, stating, "Of course, you have a right…to appeal your new

sentence, which is the same as the other, but divided up.  You understand?"  (Supp. R. Vol. III,

A5)  The defendant responded that he did understand, and Judge Clay then stated, "You must

do so in the next thirty days.  If you can't afford an attorney, the Court will provide you with an

attorney and a copy of the transcript from today's hearing."  (Supp. R. Vol. III, A5)  This

appeal followed.

---

[1] This Court also noted that, in defendant's opening brief, he argued that the sentencing order should be amended
to reflect a conviction on only one count of first degree murder, rather than two.  People v. Baker, No. 1-03-0688
(1st Dist. 4th Div., 2004) at 8, footnote 2.  However, in defendant's reply brief, he withdrew this issue and conceded
that the sentencing order correctly reflected his convictions.  Id.

### ARGUMENTS

### I.

**THE TRIAL COURT PROPERLY RE-SENTENCED DEFENDANT, WHERE DEFENDANT HAS WAIVED THE ISSUE, THE ERROR WAS HARMLESS, AND THIS COURT'S MANDATE SPECIFICALLY DIRECTED THE TRIAL COURT TO ONLY IMPOSE CONSECUTIVE SENTENCES.**

In appealing a re-sentencing order of the trial court on May 31, 2005, defendant argues that the trial court erred at the re-sentencing hearing by refusing to allow defendant to present mitigation evidence. (Deft. Br. 12) First, the issue is waived because defendant failed to properly object at the May 31, 2005 re-sentencing hearing, and failed to file a motion to reconsider his sentence after the hearing. Second, any error that occurred at the May 31, 2005 re-sentencing hearing was harmless because the omission did not affect defendant's substantial rights. Lastly, defendant's claim is without merit because this Court remanded the case strictly to void defendant's concurrent sentences and to impose consecutive sentences. Therefore, the trial court's order to re-sentence defendant to consecutive twenty-five and five year terms should be affirmed.

First, this Court should not review defendant's claim that the trial court erred in failing to allow him to present mitigation evidence at his re-sentencing hearing, because defendant waived the issue by failing to raise a timely objection at the May 31, 2005 re-sentencing hearing, as well as failing to raise this issue in a motion to reconsider his sentence. Section 5-8-1(c) of the Unified Code of Corrections states:

> A motion to reduce a sentence may be made, or the court
> may reduce a sentence without motion, within 30 days
> after the sentence is imposed. A defendant's challenge to

10

> the correctness of a sentence or to any aspect of the
> sentencing hearing shall be made by a written motion
> filed within 30 days following the imposition of sentence.
> However, the court may not increase a sentence once it is
> imposed. 730 ILCS 5/5-8-1(c) (Lexis 2006).

The legislative purpose behind Section 5-8-1(c) was to require sentencing issues be raised in

the trial court in order to preserve those issues for appellate review. People v. Reed, 177 Ill. 2d

389, 393, 686 N.E.2d 584, 586 (1997). See also People v. McDade, 345 Ill. App. 3d 912, 914

(1st Dist. 2004); People v. Turner, 282 Ill. App. 3d 770 (1st Dist. 1996). Requiring a written

post-sentencing motion will allow the trial court the opportunity to review a defendant's

contention of sentencing error and save the delay and expense inherent in appeal if they are

meritorious. Reed, 177 Ill. 2d at 393. As a general rule, the failure to object to an alleged error

at sentencing and failure to raise the issue in a post-sentencing motion results in a waiver of

that error on appeal. McDade, 345 Ill. App. 3d at 914. See also People v. Byrd, 285 Ill. App.

3d 641, 653 (1st Dist. 1996). The mandatory language of section 5-8-1(c) has been interpreted

to mean that a defendant who fails to file a post-sentencing motion challenging the correctness

of the sentence waives appellate review of the matter unless it appears that the trial court

imposed consecutive or extended sentences without legal justification. People v. Jones, 289 Ill.

App. 3d 1 (1st Dist. 1997). See also People v. Cortes, 181 Ill. 2d 249; 692 N.E.2d 1129 (1998).

In the instant case, defendant failed to object to the exclusion of mitigation evidence at

the re-sentencing hearing on May 31, 2005. Defendant also failed to raise this issue when he

failed to file a motion to reconsider his sentence. Here, the record supports that the trial court

had legal justification, as dictated by this Court in the mandate, to void defendant's concurrent

sentences and impose consecutive sentences. Therefore, defendant's claim is barred by the

doctrine of waiver.

11

Assuming, *arguendo*, that this Court finds this issue is not barred by the doctrine of waiver, this Court should not review defendant's claim that the trial court erred in failing to allow him to present mitigation evidence at his re-sentencing hearing, because defendant has failed to establish plain error. The plain error doctrine is a narrow and limited exception to the general waiver rule. People v. Herron, 215 Ill. 2d 167, 177, 830 N.E.2d 467 (2005); People v. Thomas, 178 Ill. 2d 215, 251, 687 N.E.2d 892 (1997); citing People v. Herrett, 137 Ill. 2d 195, 209, 561 N.E.2d 1 (1990). The doctrine of plain error is applied to remedy errors so plain and prejudicial that failure to object to them is not a waiver for purposes of appeal. People v. Davis, 145 Ill. 2d 240, 251, 582 N.E.2d 714 (1991). In the context of a sentencing hearing, an appellate court will review an error that is not properly preserved as plain error where the evidence is closely balanced or the error is so fundamental that it may have deprived the defendant of a fair sentencing hearing. Thomas, 178 Ill. 2d at 251. See also People v. McDade, 345 Ill. App. 3d 912, 914 (1st Dist. 2004); People v. Tye, 323 Ill. App. 3d 872, 887 (1st Dist. 2001), citing People v. Beals, 162 Ill. 2d 497, 511, 643 N.E.2d 789 (1994); People v. Turner, 282 Ill. App. 3d 770, 781 (1st Dist. 1996).

In the instant case, defendant has failed to establish that the evidence is closely balanced or that the error in failing to allow mitigation evidence at the May 31, 2005 re-sentencing hearing was so fundamental that it deprived him of a fair sentencing hearing. Defendant argues he had a clear right to present mitigating evidence at a re-sentencing hearing. (Deft. Br. 17) Defendant merely asserts that the error of the trial court in failing to allow him to present mitigation evidence affected his substantial rights. He does not argue that the evidence was closely balanced. Furthermore, as the People will argue, defendant had no right to present mitigation evidence at the May 31, 2005 re-sentencing hearing, where this Court's mandate did

12

not order the trial court to hear the evidence. Therefore, defendant could not be denied a substantial right, where this Court's mandate did not afford him the right to present mitigation evidence.

Second, assuming, *arguendo*, that this Court does not find the issue barred by the doctrine of waiver, this Court should not review defendant's claim that the trial court erred in omitting mitigation evidence at the May 31, 2005 re-sentencing hearing, because any error committed by the trial court was harmless. Harmless error is a technical violation of a rule of evidence not considered a sufficient basis for reversal because the admission or exclusion did not affect a substantial right of a party. People v. Parker, 194 Ill. App. 3d 1048, 1058 (1st Dist, 1990) (quoting People v. Demeron, 153 Ill. App. 3d 440, 446 (1st Dist. 1987)). This kind of error may be disregarded. Parker, 194 Ill. App. 3d at 1058; 107 Ill. 2d R. 615(a). With respect to the erroneous exclusion of evidence, such an error is harmless where the excluded evidence is merely cumulative of other evidence presented by the parties. People v. Caffey, 205 Ill. 2d 52, 92, 792 N.E.2d 1163 (2001). See also Parker, 194 Ill. App. 3d at 1058; People v. Wilkerson, 87 Ill. 2d 151, 157, 429 N.E.2d 526, 528 (1981)).

In the instant case, defendant was not prejudiced by the omission of mitigation evidence at his second re-sentencing hearing. Any evidence he would have presented is merely cumulative of his original sentencing hearing. Moreover, any evidence of good prison conduct would not be enough to reduce his sentences. Additionally, defendant benefited from the re-sentencing hearings because his sentence was essentially reduced from thirty-five years to

13

thirty years.[2]  Furthermore, defendant did not have a substantial right to present mitigation evidence at his May 31, 2005 re-sentencing hearing, where this Court remanded the case strictly for the imposition of consecutive sentences.  Therefore, the omission of mitigation evidence at the May 31, 2005 re-sentencing hearing, was harmless error where defendant's substantial rights were not affected.

Lastly, this Court should not review defendant's claim that the trial court erred in omitting mitigation evidence at the May 31, 2005 re-sentencing hearing, because this Court's mandate only directed the trial court to void defendant's concurrent sentences and impose consecutive sentences, as required by Section 5-8-4 of the United Code of Corrections. (730 ILCS 5/5-8-4 (West 2002)).  The mandate of a reviewing court gives the trial court jurisdiction to do only that which the mandate requires.  People v. Hall, 195 Ill. 2d 1, 33, 743 N.E.2d 126 (2000), citing People ex rel. Daley v. Schreier, 92 Ill. 2d 271, 442 N.E.2d 185 (1982).  See also People v. Walsh, 101 Ill. App. 3d 1146 (1st Dist. 1981); People v. Lowther, 85 Ill. App. 3d 735, 739 (2nd Dist. 1980); People v. Lucas, 215 Ill. App. 3d 148 (4th Dist. 1991).  A trial court lacks the authority to exceed the scope of the mandate.  People v. Winters, 349 Ill. App. 3d 747, 750 (1st Dist. 2004).  A trial court must obey precise and unambiguous directions on remand.  Winters, 349 Ill. App. 3d at 750; Walsh, 101 Ill. App. 3d at 1149.  By express direction of the mandate, the proceedings in the trial court upon remand have to conform to the view expressed in the appellate opinion.  Walsh, 101 Ill. App. 3d at 1147.  Any other order issued by the trial

---

[2] At defendant's original sentencing hearing on November 1, 2002, he received a thirty year sentence for the first degree murder conviction and a five year sentence for the aggravated battery charge, to be served concurrently, for a total of thirty years. (Supp. R. Vol. II, A62)  On direct appeal, this Court mandated that defendant's concurrent sentences were void, and that defendant's thirty year and five year sentences were to be served consecutively, for a total of thirty-five years.  People v. Baker, No. 1-03-0688 (1st Dist., 4th Div., 2004) at 7-8.  At defendant's re-sentencing hearings on January 21, 2005, and May 31, 2005, defendant received a twenty-five year sentence for the first degree murder conviction and a five year sentence for the aggravated battery conviction, to be served consecutively, for a total of thirty years. (R. Vol. II, B7; Supp R. Vol. III, A5)

14

court is outside the scope of its authority and void for lack of jurisdiction. Hall, 195 Ill. 2d. at 33.

In the instant case, this Court, on direct appeal, remanded defendant's case for re-sentencing. People v. Baker, No. 01-03 0688 (1st Dist. 4th Div. 2004) (unpublished order pursuant to Supreme Court Rule 23, 1st Dist., 4th Div., November 4, 2004). In this Court's opinion, Justice Theis stated, "For the reasons stated above, we affirm defendant's first degree murder and aggravated battery convictions. We vacate the concurrent sentences imposed and we remand this cause to the circuit court of Cook County for re-sentencing and the imposition of consecutive sentences." Id. at 8. This Court's language was clear and unambiguous. The trial court was ordered to void defendant's concurrent sentence and impose a consecutive sentence, as required by section 5-8-4 of the Unified Code of Corrections.[3] On remand, the trial court did not have an obligation to hear any mitigation evidence presented by defendant, as the number of years in the sentence was not an issue in this Court's mandate. Moreover, it is outside the scope of the trial court's authority to hear mitigation evidence, when this Court's mandate unambiguously ordered that defendant's concurrent sentences were to be voided and consecutive sentences were to be imposed.

Additionally, this Court, in its order on direct appeal, reviewed the issue of whether defendant's sentence should be reduced from first degree murder to second degree murder, due to the mitigating factor of mutual combat. People v. Baker, No. 01-03 0688 (1st Dist. 4th Div.

---

[3] This Court held that, "At the time defendant committed the crimes, section 5-8-4(a) provided that consecutive sentences must be imposed when the offenses arose from a single course of conduct and one of the offenses was a triggering offense. (730 ILCS 5/5-8-4(a)(West 2000)), while section 5-8-4(b) provided that consecutive sentences must be imposed when the offenses arose from a separate course of conduct and one of the offenses was a triggering offense. (730 ILCS 5/5-8-4(b) (West 2000)). Here, defendant was convicted of first degree murder, a triggering offense, as well as aggravated battery, and severe bodily injury was inflicted. Under sections (a) and (b), regardless of whether the offenses were committed within a single or separate course of conduct, defendant's sentences must be consecutive." (730 ILCS 5/5-8-4(a), (b) (West 2000)). Id. at 7.

15

2004). This Court, after reviewing the evidence, affirmed defendant's first degree murder conviction, holding "a rational trier of fact could have found that there was no mutual combat sufficient to support a finding of serious provocation." Id. at 7. This Court's finding of a lack of mitigating factors in defendant's actions further supports the unambiguity in this Court's mandate to the trial court, in that the mandate only directed the trial court to void defendant's concurrent sentences and impose consecutive sentences. Id. at 8. The mandate did not direct the trial court to consider a sentence reduction through the presentation of mitigation evidence.

Defendant argues that the trial court erred in not allowing the defense to present any mitigation evidence, in accordance with 730 ILCS 5/5-5-3(d) of the Unified Code of Corrections.

The trial court is not obliged in either event to receive evidence of defendant's life, moral character and occupation during the time since the original sentence was imposed under either Section 5-5-3(c) or Section 5-5-3(d) of the Unified Code of Corrections. People v. George, 75 Ill. App. 3d 140, 145 (5th Dist. 1979). As the People have argued above, it was unnecessary for the trial court to comply with Section 5/5-5-3(d), because this Court's mandate did not direct the trial court to do so. Defendant's concurrent sentences were merely remanded for re-imposition of consecutive sentences.

Defendant's argument that the trial court did not comply with this Court's mandate is without merit. (Deft. Br. 13) This Court remanded defendant's case for one reason, to correct a sentencing error to conform with 5-8-4 of the Unified Code of Corrections. (730 ILCS 5/5-8-4(a) and (b) (West 2002)). Furthermore, defendant argues, citing from "R.R. 7-11, that "from the very brief hearing held on January 21, 2005, it is obvious that the circuit court wanted to get this matter out of the way quickly, as evidenced by the court holding the initial hearing even

16

before the mandate was issued." (Deft. Br. 14)  There is no evidence in the record, particularly on the specific pages defendant cites, that indicate the trial court held an initial hearing before the mandate was issued.  On the contrary, this Court issued its mandate on November 4, 2004, when it filed its order on direct appeal. <u>People v. Baker</u>, No. 01-03 0688 (1st Dist. 4th Div. 2004).

Next, defendant claims:

> The reason for holding a second hearing [on May 31, 2005] is not stated on the record, but it appears it was held because this Court had not yet issued its mandate at the time the court held the first re-sentencing hearing on January 21, 2005.  The mandate was issued on April 27, 2005. (Deft. Br. 14)

Here, defendant does not cite to any part of the record where it states that this Court's mandate was issued on April 27, 2005.  Moreover, the record completely refutes defendant's claim that this Court's mandate was issued on April 27, 2005.  Furthermore, it is likely that two re-sentencing hearings were held to sentence defendant on each count.  At the January 21, 2005 hearing, the trial court stated the purpose of the hearing:

> The [c]ourt is under a direction of mandate from the Appellate Court, Mr. Baker, to re-sentence you on the charge of aggravated battery.  That sentence must be consecutive to the sentence imposed for murder...this [trial] [c]ourt now imposes a sentence of five years, [for] aggravated battery...to run consecutive to the 30-year sentence on the murder charges. (R. Vol. II, 8)

At the May 31, 2005 hearing, the trial court stated the purpose of the hearing:

> Initially the defendant was sentenced to thirty years on first degree murder and five years on aggravated battery, concurrent.  This is remanded for re-sentencing, consecutive.  The Court hereby re-sentences the defendant to twenty-five years on the first degree murder and five

17

years consecutive on the aggravated battery charge.
(Supp. R. Vol. III, A5)

Clearly both re-sentencing hearings were held in order to comply with this Court's mandate, to void each of defendant's concurrent sentences and impose each sentence consecutively.

Defendant cites People v. Hammonds, 21 Ill. App. 3d 5 (5th Dist. 1974) to support his claim that the trial court failed to conduct an adequate sentencing hearing on remand. (Deft. Br. 15) Defendant's reliance on Hammonds is misplaced. In Hammonds, the appellate court remanded for re-sentencing twice, holding that the trial court failed to comply with sections 5-3-1, 5-4-1, 5-8-1(c)(2) and 5-8-1(c)(3) of the Unified Code of Corrections. Hammonds, 21 Ill. App. 3d at 7. The appellate court held that Section 5-4-1 was not complied with, in part, because the trial judge who conducted the re-sentencing was not the same trial judge who presided over the defendant's jury trial, and there was "absolutely no indication that upon re-sentencing the trial judge relied upon any of the previous trial record." Hammonds, 21 Ill. App. 3d at 6. The appellate court also held that the trial court failed to comply with Sections 5-8-1(c)(2) and (3) of the Unified Code of Corrections, by sentencing the defendant to minimum terms that exceeded the terms specified in Section 5-8-1, without taking into consideration the nature and circumstances of the offense, as well as the history and character of the defendant. Hammonds, 21 Ill. App. 3d at 8-9.

The instant case is distinguishable from Hammonds. Here, the trial court complied with section 5-8-1(a)(1), where the permissible sentencing range for first degree murder is twenty to sixty years, and complied with 5-8-1(a)(6), where the permissible sentencing range for aggravated battery is two to five years. (730 ILCS 5/5-8-1(a)(1)(a), (a)(6) (West 2004)). Furthermore, the same judge who presided over defendant's trial also heard his re-sentencing

18

hearings, on January 21, 2005, and May 31, 2005. At the original sentencing hearing, the trial court heard evidence in mitigation from defendant. (Supp. R. Vol. II, A53-60) Moreover, unlike Hammonds, this Court did not remand for purposes of reducing defendant's sentence to comply with sentencing ranges in the Unified Code of Corrections. Here, defendant's thirty and five year sentences fell within the permissible statutory ranges, and the remand for sentencing was merely to change those sentences from concurrent to consecutive. This Court remanded for the sole purpose of complying with section 5-8-4 of the Unified Code of Corrections, in that defendant's sentences should have been consecutive, not concurrent.

Defendant cites People v. Daniels, 173 Ill. App. 3d 752 (1st Dist. 1988) to support his contention that defendant is entitled to present evidence of his conduct in prison as mitigation evidence during his re-sentencing hearing. (Deft. Br. 15) Evidence of good prison conduct following original sentencing does not, standing alone, entitle a defendant to sentence reduction on remand. Daniels, 173 Ill. App. 3d at 756. In Daniels, the defendant was sentenced at trial to a total sentence of 120 years' imprisonment for home invasion, armed robbery and other offenses. Daniels, 173 Ill. App. 3d at 753. His co-defendant pled guilty and was sentenced to 30 years' imprisonment. Daniels, 173 Ill. App. 3d at 753. The evidence showed that the co-defendant was more active in the crime, the defendant had taken steps to further his education since being in prison, the defendant was only 18 years old, and the trial court failed to adequately take into consideration any potential for rehabilitation of the defendant. Daniels, 173 Ill. App. 3d at 756-57. Based on those facts, the case was remanded for re-sentencing, and the court reduced the defendant's sentence to 60 years. Daniels, 173 Ill. App. 3d at 759.

The instant case is distinguishable from Daniels. In Daniels, the defendant's sentence was grossly disproportionate to his co-defendant's sentence, defendant acted with a

19

codefendant, the codefendant was more active in the crime, the defendant was 18 years old, and defendant was receiving an education in prison. Daniels, 173 Ill. App. 3d at 756-57. Unlike Daniels, where the case was remanded to reduce the defendant's sentence, here, this court remanded defendant's case strictly to comply with section 5-8-4 of the Unified Code of Corrections. Also, defendant does not present any other evidence of mitigating factors except that "defendant is entitled to present evidence of prison conduct." (Deft. Br. 15) Defendant does not provide this "evidence of prison conduct" in his brief. Defendant was 32 years old at the time of re-sentencing, and the evidence at trial was overwhelming that defendant acted alone. Moreover, defendant's sentence was proportionate to his crimes. Therefore, defendant's argument that he was entitled to present evidence of prison conduct fails.

In conclusion, defendant's claim that he was denied a fair sentencing hearing because the trial court did not allow him to present mitigation evidence is without merit because defendant waived this issue, when he failed to object at the May 31, 2005 re-sentencing hearing, and when he failed to file a motion to reconsider his sentence. In addition, defendant's claim should not be reviewed under plain error because defendant has failed to demonstrate that the error deprived him of a fair sentencing hearing. Furthermore, any error committed by the trial court is harmless because the omission did not affect defendant's substantial rights. Lastly, this Court's mandate was clear and unambiguous when it affirmed defendant's convictions and remanded the case specifically to void defendant's concurrent sentences and impose consecutive sentences. For these reasons, the People ask this Honorable Court to affirm the trial court's order to re-sentence defendant to consecutive twenty-five and five year terms.

20

## II.

**DEFENDANT WAS NOT DENIED ANY REAL JUSTICE WHEN FULL ADMONISHMENTS WERE NOT GIVEN BY THE TRIAL COURT, WHERE DEFENDANT DID NOT CHALLENGE HIS SENTENCE ON APPEAL AND WHERE DEFENDANT FAILED TO PRESENT ANY MITIGATION EVIDENCE.**

In appealing the re-sentencing order of the trial court on May 31, 2005, defendant argues that the trial court failed to adequately admonish defendant regarding his right to appeal his sentence under Ill. Sup. Ct. R. 605(a), and, therefore, defendant was denied real justice. Defendant's argument is without merit because defendant has failed to establish that he suffered a real prejudice or was denied real justice as a result of the inadequate admonishment, where he failed to challenge his sentence on appeal, and where he failed to present any new mitigation evidence. Therefore, the trial court's order to re-sentence defendant to consecutive twenty-five and five year terms should be affirmed.

The principle exists that a trial court's failure to give proper admonishments under Ill. Sup. Ct. R. 605 does not necessarily require reversal in every instance. People v. Henderson, 217 Ill. 2d 449, 466, 841 N.E.2d 872 (2005) citing People v. Davis, 145 Ill. 2d 240, 250, 582 N.E.2d 714 (1991). Where a defendant is given incomplete Ill. Sup. Ct. R. 605(a) admonishments regarding the preservation of sentencing issues for appeal, remand is required only where there has been a prejudice or a denial of real justice as a result of the inadequate admonishment. Henderson, 217 Ill. 2d 449 at 466. See also People v. Burdine, 362 Ill. App. 3d 19 (1st Dist. 2005); People v. McColler, 363 Ill. App. 3d 81 (1st Dist. 2005); People v. Quinones, 362 Ill. App. 3d 385 (1st Dist. 2005); People v. Hay, 362 Ill. App. 3d 459 (2nd Dist.

21

2005); People v. Rizzo, 362 Ill. App. 3d 444 (2nd Dist. 2005); People v. Williams, 344 Ill. App. 3d 334 (3rd Dist. 2003).

Remand is not required where a defendant was properly admonished except that the trial court omitted to mention the right to move for reconsideration of sentence, and if a defendant failed to show prejudice from the omission or that there had been a denial of real justice. People v. Spivey, 351 Ill. App. 3d 763 (1st Dist. 2004). The purpose of Rule 605(a) is to inform defendants who have been convicted and sentenced after trial as to what they must do to perfect an appeal. People v. Breedlove, 213 Ill. 2d 509, 522, 821 N.E.2d 1176 (2004). It was never intended to advise defendants of every step necessary to preserve claimed errors for review. Breedlove, 213 Ill. 2d at 522.

Here, defendant fails to establish that he suffered a denial of real justice when he received incomplete 605(a) admonishments. Defendant argues that he had a legitimate sentencing issue, and that he was denied the right to have the trial court reconsider his sentence. (Deft. Br. 18)  He also argues that had he been admonished of his right to file a motion to reconsider, he would have presented mitigation evidence that would have warranted a reduced sentence. (Deft. Br. 18) Defendant was admonished by the trial court of his right to appeal at the May 31, 2005 re-sentencing hearing. The trial court stated: "Of course, you have a right, I'm sure, to appeal your new sentence, which is the same as the other, but divided up. You understand? You must do so in the next thirty days. If you can't afford an attorney, the Court will provide you with an attorney and a copy of the transcript of today's hearing." (Supp. R. Vol. III, A5) Here, the trial court properly admonished defendant of his right to appeal, and inherent in defendant's right to appeal is the right to file a motion to reconsider his sentence. Remand is still not required, because defendant failed to show that he suffered any prejudice.

Defendant fails to present any evidence of mitigation in his brief to warrant a reduced sentence. Defendant has not produced any affidavits, evidence of good prison conduct, or anything to establish that defendant would have presented mitigation evidence in his motion to reconsider, had he been so admonished.    Moreover, defendant does not present a legitimate sentencing issue in his brief, because he did not have a right to present mitigation evidence to the trial court at his May 31, 2005 re-sentencing hearing.    (See People's Argument I, supra).

.Additionally, this Court should not review defendant's claim of incomplete 605(a) admonishments because defendant has failed to challenge his actual sentence on appeal.  A defendant has not been denied real justice by the lack of the trial court's admonishments regarding the steps necessary to challenge his sentence on appeal for the simple reason that the defendant did not challenge his sentence in his appeal.  Henderson, 217 Ill. 2d at 469, citing People v. Williams, 344 Ill. App. 3d 334, 338, 800 N.E.2d 168 (2003).  If a defendant does not raise a challenge to his sentence on appeal, his ability to raise a sentencing issue on appeal was not compromised or limited by the actions of the trial court, and therefore defendant suffered no prejudice from the lack of proper admonishment.  Williams, 344 Ill. App. 3d at 339.  To require remand, so defendant could hear the steps necessary to challenge an issue which he has no basis to challenge, would elevate form over substance without serving the ends of real justice.  Williams, 344 Ill. App. 3d at 339.  See also People v. Glenn, 363 Ill. App. 3d 170, 179 (2nd Dist. 2006) (holding that, in order for a defendant to demonstrate prejudice or a denial of real justice, defendant must demonstrate to a reviewing court regarding sentencing admonishments that he or she has been denied some real opportunity to litigate something of substance and that some remedy is necessary--most likely an opportunity to be heard on that issue.)

23

In the instant case, defendant fails to raise a challenge to his sentence in this appeal. Defendant merely argues that had he been properly admonished of his right to file a motion to reconsider, the trial court would have had the first opportunity to review defendant's claim that he was denied the right to present mitigation evidence at his re-sentencing hearing. Nowhere in his brief does defendant challenge that his sentence was excessive, nor does he challenge the imposition of consecutive sentences. Moreover, defendant did not suffer prejudice when he was unable to present mitigation evidence, because he did not have the right to present this evidence in the first place. Therefore, defendant has no basis to challenge the trial court's re-sentencing of defendant, and allowing him to remand the case would clearly "elevate form over substance without serving the ends of real justice."

In conclusion, defendant's claim that he was denied a real justice when the trial court failed to adequately admonish him under Ill. Sup. Ct. R. 605(a) is without merit. Defendant failed to establish that, had he been properly admonished, he would have presented legitimate issues to show that he was denied a real justice. For these reasons, the People ask this Honorable Court to affirm the trial court's order to re-sentence defendant to consecutive twenty-five and five year terms.

24

## CONCLUSION

The People of the State of Illinois respectfully request that this Honorable Court affirm the trial court's order to re-sentence defendant to consecutive twenty-five and five year terms.

Pursuant to <u>People v. Nicholls</u>, 71 Ill. 2d 166, 374 N.E.2d 194 (1978) and relevant statutory provisions 725 ILCS 5/110-7(h)(West 2004) and 55 ILCS 5/4-2002.1 (West 2004), the People of the State of Illinois respectfully request that this Court grant the People costs and incorporate as part of its judgment and mandate a fee of $100.00 for defending this appeal. In addition, pursuant to <u>People v. Agnew</u>, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985) and 55 ILCS 5/4-2002.1 (West 2004), the People respectfully request that this Court also grant the People an additional fee of $50.00 in the event oral argument is held in this case.

Respectfully Submitted,

RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 – Richard J. Daley Center,
Chicago, Illinois 60602

<u>Attorney for Plaintiff-Appellee</u>

JAMES FITZGERALD,
WHITNEY BOND,
Assistant State's Attorneys,
    <u>Of Counsel</u>.*

---

**\*MEGAN KELEHER**, a law student at DePaul University Law School and law clerk in the Cook County State's Attorney's Office, Criminal Appeals Division, assisted in the research and preparation of this brief.

25

No. 1-05-2181

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 00 CR 20175. |
| | ) | |
| **MONTEZ BAKER,** | ) | Honorable |
| | ) | Evelyn B. Clay, |
| Defendant-Appellant. | ) | Judge Presiding. |

---

**REPLY BRIEF AND ARGUMENT FOR DEFENDANT-APPELLANT**

---

MICHAEL J. PELLETIER
Deputy Defender

REBECCA I. LEVY
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR DEFENDANT-APPELLANT

RECEIVED
CRIMINAL APPEALS

SEP 1 1 2006

309 RICHARD J. DALEY CENTER
RICHARD A. DEVINE
STATE'S ATTORNEY'S OFFICE

EXHIBIT R

No. 1-05-2181

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 00 CR 20175. |
| | ) | |
| MONTEZ BAKER, | ) | Honorable |
| | ) | Evelyn B. Clay, |
| Defendant-Appellant. | ) | Judge Presiding. |

**REPLY BRIEF AND ARGUMENT FOR DEFENDANT-APPELLANT**

**I.    The Circuit Court Erred In Re-Sentencing Montez Baker Without Allowing Him To Present Evidence In Mitigation, As Prescribed By 730 ILCS 5/5-5-3(d).**

The State's response to this issue requires a reply. As in initial aside matter, the State appears to be unaware that an Appellate Court Order is different than a mandate. (St. Br. at 17). In the instant case, this Court issued its Order on November 4, 2004. *People v. Baker*, 1-03-0688, Rule 23 Order (November 4, 2004). This is not when the mandate was also issued, as the State contends. (St. Br. at 17). Instead, this Court issued its mandate to the circuit court, giving it jurisdiction to proceed with the remand, on April 27, 2005. While the mandate itself is not contained within the direct appeal record, this Court is certainly able to take judicial notice of its own records. *See People v. Jackson*, 182 Ill. 2d 30, 66, 695 N.E.2d 391 (1998); *see also People v. Henderson*, 171 Ill. 2d 124, 134, 662 N.E.2d 1287 (1986) ("It is well established that courts may take judicial notice of matters which ... are readily verifiable from sources of indisputable

-1-

accuracy."). Thus, it is accurate to suggest, as Baker did in his initial brief, that the reason the circuit court held two sentencing hearings after this Court issued its Order was because this Court did not issue its mandate in the case until after the circuit court had held its initial, January 21, 2005, hearing. (Def. Br. at 14).

As always, the State first argues that this issue is waived. (St. Br. at 10-11). At the January 21, 2005 hearing, defense counsel asked the circuit court to hear evidence in mitigation, and the court refused. It is true that defense counsel did not make a further attempt to present mitigation but, as stated in Baker's initial brief, the court had already told the attorney it would not hear the evidence, and a less strict rule of waiver should be applied to issues concerning a trial judge's actions and conduct in a case. *See, e.g., People v. Nevitt*, 135 Ill. 2d 423, 553 N.E.2d 368, 381 (1990); *People v. Westpfahl*, 295 Ill. App. 3d 237, 692 N.E.2d 831, 834 (3rd Dist. 1998).

Even if this Court agrees that the issue is waived by the defense's failure to file a motion for reconsideration of sentence, however, this Court should not penalize Baker for this failure, where the circuit court failed to comply with Supreme Court Rule 605(a), as argued in Issue II, *infra*. This Court should either just remand the matter for a new sentencing hearing where Baker is allowed to present mitigation evidence, or it should remand for the circuit court to properly give Baker the admonishments, so he can then file a motion to reconsider sentence.

Next, the State argues that Baker had no right to present mitigation evidence at the new sentencing hearing, because this Court's Order only imposed the circuit court with the ability to change Baker's sentences from concurrent to consecutive, and did not allow for such mitigation evidence. (St. Br. at 12-13, 14, fn.2). This Court's Order

-2-

regarding the resentencing states: "We vacate the concurrent sentences imposed and we remand this cause to the circuit court of Cook County for resentencing and the imposition of consecutive sentences." *People v. Baker*, 1-03-0688, at 8 (November 4, 2004). Thus, this Court vacated Baker's sentences and remanded the case for resentencing, a hearing which is supposed to conform with 730 ILCS 5/5-5-3(d) (West 2004) and 730 ILCS 5/5-4-1(a) (West 2004), as argued in Baker's initial brief. (Def. Br. at 12-14). Both of the above provisions of the Code, when read together, reflect that a defendant can present mitigation evidence at a resentencing hearing. This Court's Order did not, as the State argues in its brief, imply that the circuit court was to leave his thirty and five year sentences in place and merely order that they be consecutive rather than concurrent. (St. Br. at 14, fn. 2).

Additionally, the State's discussion on pages 15 to 16 of its brief regarding it being useless for the defense to present evidence in mitigation about the nature of the crime is irrelevant to Baker's argument. Baker has argued that the circuit court erred in not allowing it to present new evidence in mitigation for *sentencing*, evidence obtained since his initial sentencing hearing, including information such has his behavior in prison. Thus, the fact that both the circuit court and the Appellate Court have already heard mitigation evidence in terms of reducing Baker's *conviction* from first to second degree murder is not relevant, because Baker has not argued he was entitled to present such evidence on resentencing.

Finally, the State argues that Baker was not prejudiced, because Baker has not provided this Court with the evidence he would have presented at the sentencing hearing, and because ". . . any evidence of good prison conduct would not be enough to reduce

-3-

his sentences." (St. Br. at 13). First, Baker cannot provide this Court with the mitigation evidence he would have presented at the resentencing hearing because only evidence contained within the trial court record can be referenced on direct appeal, which is the posture of the instance case. *Accord People v. Jackson*, 28 Ill.2d 37, 190 N.E.2d 823 (1963) (holding that in a direct appeal, review is limited to what appears in the record); *People v. Edwards*, 74 Ill.2d 1, 383 N.E.2d 944 (1978); *People v. McCarroll*, 10 Ill. App. 3d 249, 294 N.E.2d 52 (1st Dist. 1973). Because the circuit court would not let Baker present the mitigation evidence, it is not contained in the court record and cannot be presented on appeal. Additionally, the State's comments about any good prison behavior Baker might have not being "enough" to warrant a reduced sentence is speculative, at best. The State has no idea if the circuit court judge would have reduced Baker's sentence by even just one year had it heard that he was a model prisoner.

Therefore, because Baker was entitled to present mitigating evidence at his resentencing hearing, the circuit court erred in refusing to hear it. Accordingly, this Court should remand this issue for another resentencing hearing.

-4-

**II.    The Trial Court Failed to Adequately Admonish Montez Baker Regarding His Right to Appeal His Sentence under Illinois Supreme Court Rule 605(a), and Baker Was Denied Real Justice as a Result.**

The State's response requires a brief reply. Incredibly, the State argues that whether Baker received the proper admonishments is irrelevant because, in spite of Issue I, *supra*, the State believes that Baker has not raised a sentencing issue on appeal, and because Baker failed to present any mitigation evidence at the time of sentencing. (St. Br. at 21). Given that in Issue I of Baker's brief, he raised a sentencing issue, specifically arguing that the circuit court erred in failing to allow him to present mitigation evidence at his sentencing hearing, counsel on behalf of Baker is at a complete loss as to how the State can seriously make such an argument. Obviously, because Baker very clearly did indeed raise a sentencing issue, whether he received the proper 605(a) admonishments is relevant.

The State also claims that Baker was not denied justice as a result of receiving incomplete Rule 605(a) admonishments, because the fact that Baker had a right to file a motion for reconsideration of sentence is somehow "inherent" in his right to file an appeal, for which he was admonished. (St. Br. at 22). The State's argument has no merit for several reasons. First, it is not merely that Baker had a "right" to file a motion for reconsideration of sentence. Instead, if he wanted to raise *any* sentencing issues on appeal, he was *required* to file the motion. S. Ct. R. 605(a); *People v. Henderson*, 217 Ill.2d 449, 841 N.E.2d 872 (2005) (emphasis added). This requirement is the entire reason Rule 605(a) exists at all, and the fact that the Illinois Supreme Court requires that the circuit court give the admonishments is evidence that the requirement is not

somehow "inherent" to defendants when they are merely told they can file an appeal, without also being told that a motion for reconsideration of sentence is required to preserve any sentencing issues on appeal. Additionally, the circuit court made no mention whatsoever of the option that Baker could choose to file a motion for reconsideration of sentence, let alone mention that it was mandatory if Baker wanted to later appeal his sentence. In other words, it is not as though he was given part of the admonishment, so that one could credibly make the argument that he might have been able to "infer" such information.

Next, the State argues that even if Baker did not receive the correct admonishments, which he did not, remand for the admonishments is unnecessary, because he has "failed to show that he suffered any prejudice." (St. Br. at 22). Then, the State's very next sentence is that "[Baker] fails to present any evidence of mitigation in his brief to warrant a reduced sentence." (St. Br. at 23). First, obviously, the prejudice Baker suffered is the fact that this Court could find his argument in Issue I, *supra*, waived, due to his not filing the motion for reconsideration of sentence. Next, it would have been impossible for Baker to present any mitigating evidence as an attachment to his brief, as only evidence contained within the trial court record can be referenced on direct appeal, which is the status of this case. *Accord People v. Jackson*, 28 Ill.2d 37, 190 N.E.2d 823 (1963) (holding that in a direct appeal, review is limited to what appears in the record); *People v. Edwards*, 74 Ill.2d 1, 383 N.E.2d 944 (1978); *People v. McCarroll*, 10 Ill. App. 3d 249, 294 N.E.2d 52 (1st Dist. 1973). Thus, the fact that Baker has not included the mitigation evidence he would have presented at trial on appeal is not a detriment to his appeal, as this Court could not have evaluated such

information had it been included.

Finally, contrary to the State's argument, Baker has indeed raised a sentencing issue on appeal. (St. Br. at 23). Although the State is correct that Baker has not argued that his sentence is excessive or in some way void, Baker has raised an issue regarding his sentencing hearing, which is that the circuit court denied him the right to present mitigating evidence at his resentencing hearing. Despite the State's claim otherwise, this *is* a sentencing issue, as the 605(a) admonishments specifically state:

> that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, *or any aspect of the sentencing hearing*, the defendant much file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, *or consider any challenges to the sentencing hearing . . ..*"

S. Ct. R. 605(a)(3)(B) (emphasis added). Thus, pursuant to the admonishment that the circuit court failed to give him, in order to raise an issue regarding his sentencing hearing on appeal, Baker was required to first file a motion for reconsideration of sentence in the circuit court. Because the circuit court did not give Baker the admonishment, and because he has raised a sentencing issue on appeal that this Court could refuse to hear due to it being waived, this Court should remand this cause for proper Rule 605(a) admonishments. *Accord People v. Henderson*, 217 Ill.2d 449, 841 N.E.2d 872 (2005).

## CONCLUSION

For the foregoing reasons, Montez Baker, Defendant-Appellant, respectfully requests that this Court remand this cause for a new sentencing hearing.  In the alternative, Baker respectfully requests that this Court remand this cause to the circuit court for it to give Baker proper admonishments under Supreme Court Rule 605(a).

Respectfully submitted,

MICHAEL J. PELLETIER
Deputy Defender

REBECCA I. LEVY
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois  60601
(312) 814-5472

COUNSEL FOR DEFENDANT-APPELLANT

NOTICE
The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

THIRD DIVISION
January 31, 2007

No. 1-05-2181

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 00 CR 20175 |
| MONTEZ BAKER, | ) | Honorable Evelyn B. Clay, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant Montez Baker was found guilty of two counts of first degree murder and aggravated battery with a weapon. This court affirmed those convictions on direct appeal, but vacated the concurrent sentences imposed by the court because section 5-8-4 of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4 (West 2002)) required the imposition of consecutive sentences. People v. Baker, No. 1-03-0688 (2004) (unpublished order pursuant to Rule 23). We then remanded the cause to the circuit court for "resentencing and the imposition of consecutive sentences." On remand, defendant was sentenced to consecutive terms of 25 years' imprisonment for first degree murder and 5 years for aggravated battery.

Defendant now appeals from that judgment claiming that the trial court erred in resentencing him without allowing him to

EXHIBIT S

1-05-2181

present evidence in mitigation.  He also claims that he was improperly admonished under Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001).

The record discloses that defendant was convicted of two counts of first degree murder on evidence showing that, on July 25, 2000, he stabbed and killed Daryl Landry with a knife during a fight at 624 West Division in Chicago.  The record further discloses that defendant was convicted of aggravated battery for cutting Kip Bell's wrist with a knife when Bell attempted to break up the fight.

At the initial sentencing hearing, the State and defendant presented witnesses in aggravation and mitigation, and defendant exercised his right to allocution.  In announcing sentence, the court stated that it had considered the nature of the offense, defendant's criminal background, age, family history, and potential for rehabilitation.  The court then sentenced defendant to concurrent terms of 30 and 5 years' imprisonment.

On January 21, 2005, following the entry of our order, the trial court announced the scope of the mandate from this court, then sentenced defendant *nunc pro tunc* to a 5-year term for aggravated battery to run consecutively to the 30-year term imposed on his first degree murder conviction.  Defense counsel queried the court on the matter of presentence custody credit,

1-05-2181

and a discussion was held off the record to ascertain the number of days to which defendant was entitled. When the matter was recalled, the court announced that "additional mitigation/aggravation is not required here," that the mandate simply required the imposition of a consecutive sentence, and a new mittimus would issue to reflect the 829 days served at the time of the original sentencing.

On February 17, 2005, defendant filed a motion to reconsider his sentence, arguing that it was excessive given his background and rehabilitative potential. The court denied defendant's motion, and on March 31, 2005, defendant filed a notice of appeal from the court's order of January 21, 2005.

The record shows, however, that our mandate issued on April 27, 2005, and that a second resentencing hearing was held on May 31, 2005, where defendant was present and represented by counsel. The court reviewed the history of the case and the mandate, then resentenced defendant *nunc pro tunc* to 25 years for first degree murder and a 5-year consecutive term for aggravated battery. The court informed defendant that the aggregate was the same as the previous sentence and that the time considered served remained the same. The court then admonished defendant as follows:

- 3 -

1-05-2181

"THE COURT: Of course, you have a right, I'm sure, to appeal your new sentence, which is the same as the other, but divided up.  You understand?

DEFENDANT: Yes.

THE COURT: It is the exact same as the original sentence, the term of years.

You must do so in the next thirty days.  If you can't afford an attorney, the Court will provide you with an attorney and a copy of the transcript of today's hearing.

DEFENDANT: Yes, Ma'am."

Defendant filed notice of appeal from this order on June 22, 2005.  Given the procedural posture of this case, we first consider our jurisdiction to entertain it.  <u>People v. O'Connor</u>, 313 Ill. App. 3d 134, 135 (2000).

As noted above, our disposition of defendant's direct appeal was filed on November 4, 2004.  Our records show that on November 15, 2004, defendant, *pro se*, filed an affidavit of intent to seek further review of that judgment.  On December 29, 2004, defendant filed a petition for leave to appeal to the Illinois Supreme Court, which stayed our mandate.  After the supreme court denied defendant's petition on March 13, 2005, we issued our mandate on April 27, 2005.

1-05-2181

Prior to the issuance of that mandate, however, the trial court resentenced defendant pursuant to our dispositional order, and also denied defendant's subsequent motion to reconsider the sentence imposed. Defendant then filed a timely notice of appeal from that order.

Generally, the proper filing of a notice of appeal causes the jurisdiction of the reviewing court to attach *instanter* and concomitantly divests the trial court of jurisdiction in the cause. People v. McBride, 114 Ill. App. 3d 75, 79 (1983), quoting People v. Baker, 85 Ill. App. 3d 661, 662 (1980). Conversely, the reviewing court retains jurisdiction of the appeal until that court's mandate is filed in the circuit court. In re Gonder, 149 Ill. App. 3d 627, 628 (1986). If the circuit court attempts to act after notice of appeal is filed, but before the reviewing court's mandate is returned, such actions are void. Gonder, 149 Ill. App. 3d at 628.

Under that authority, the trial court did not reacquire subject matter jurisdiction over this cause until April 27, 2005, when this court filed its mandate. Thus, the trial court did not have jurisdiction to conduct the sentencing hearing on January 21, 2005 (McBride, 114 Ill. App. 3d at 80-81), and its action on that date was without effect (Gonder, 149 Ill. App. 3d at 628-29).

1-05-2181

This situation was rectified by the trial court when it conducted a remand hearing on May 31, 2005, after this court issued its mandate.  Defendant filed a timely notice of appeal from that order, and we, accordingly, have jurisdiction to consider his claims.

Defendant first contends that the trial court erred when it resentenced him without allowing him to present evidence in mitigation and requests that we remand his case for resentencing. He maintains that sections 5-5-3-(d) and 5-4-1(a) of the Code (730 ILCS 5/5-5-3(d), 5-4-1(a) (West 2004)) require that when a cause is remanded to the trial court for resentencing, the court at the sentencing hearing must hear evidence in mitigation.  He specifically argues that the trial court should have allowed him to present evidence of his post-conviction prison conduct as mitigation.

The State initially responds that defendant has waived this issue for review because he failed to object to the exclusion of mitigation evidence at the resentencing hearing on May 31, 2005, and also failed to raise this issue in a motion to reconsider his sentence.  Defendant acknowledges the omission, but argues that we should review this issue as "plain error" because the exclusion of mitigation evidence from his resentencing hearing was a substantial error that deprived him of his right to a fair sentencing hearing.

- 6 -

1-05-2181

In the context of a sentencing hearing, a reviewing court may consider a forfeited error under the plain error doctrine when the evidence is closely balanced or the error is so fundamental that it may have deprived the defendant a fair sentencing hearing.  People v. Thomas, 178 Ill. 2d 215, 251 (1997).  Defendant does not argue that the evidence was closely balanced, and we find for the reasons to follow that defendant has not shown that the alleged error denied him his right to a fair sentencing hearing.

It is well settled that when a reviewing court issues a mandate, the trial court is vested with jurisdiction to take only take such action as conforms to that mandate.  People ex rel. Daley v. Schreier, 92 Ill. 2d 271, 276 (1982).  The trial court lacks the authority to exceed the scope of the mandate and must obey precise and unambiguous directions on remand.  People v. Winters, 349 Ill. App. 3d 747, 750 (2004).

Defendant contends that when this court remanded his case to the trial court for resentencing, our order mandated that the trial court conduct a new sentencing hearing, not simply the imposition of consecutive sentences, and that the hearing be conducted in accordance with section 5-5-3(d) of the Code (730 ILCS 5/5-5-3(d) (West 2004)).  The State argues that this court's order only directed the trial court to void defendant's concurrent sentences and impose consecutive sentences as required

- 7 -

1-05-2181

under section 5-8-4 of the Code (730 ILCS 5/5-8-4 (West 2000)),
and that the trial court was not required to hear any mitigation
evidence.

On direct appeal, we found that section 5-8-4 of the Code
required that defendant serve his sentences consecutively, rather
than concurrently. We then vacated the concurrent sentences
imposed by the trial court and remanded the cause for
"resentencing and the imposition of consecutive sentences." On
remand, the trial court was required to strictly follow this
court's directions (Schreier, 92 Ill. 2d at 277), and the
transcript of the May 31, 2005 proceeding indicates that the
court and the parties understood the parameter of our order which
identified the error and the corrective action to be taken. The
mandate did not order the trial court to conduct a new sentencing
hearing, and defendant never requested nor sought leave to
present further mitigating evidence.

Defendant, nevertheless, claims that the language of
sections 5-5-3(d) and 5-4-1(a) of the Code requires that the
trial court consider his post-conviction prison conduct upon
reconsideration of the sentence. We disagree based on the ruling
of the supreme court in People v. Young, 124 Ill. 2d 147, 153-57
(1988). In Young, the supreme court analyzed the language of
section 5-5-3(d) to determine whether a supplemental presentence
investigation report must be conducted prior to resentencing.

- 8 -

1-05-2181

<u>Young</u>, 124 Ill. 2d at 157.  Section 5-5-3(d) states that when a
case is remanded to the trial court for sentencing, the court
must hold a hearing under section 5-4-1 which *may* include
evidence of the defendant's life, moral character and occupation
during the time since the original sentence was passed.  730 ILCS
5/5-5-3(d) (West 2004).  Section 5-4-1 of the Code provides in
pertinent part that at a sentencing hearing, the court shall
consider evidence and information offered by the parties in
aggravation and mitigation.  730 ILCS 5/5-4-1(a) (West 2004).

The supreme court determined that the statutory language of
the Code shows that the court's decision as to whether to hear
additional post-conviction evidence is discretionary.  <u>Young</u>, 124
Ill. 2d at 157.  Accordingly, we find that the trial court was
not required to consider evidence of defendant's post-conviction
prison conduct before imposing consecutive sentences on remand,
and that the failure to do so in this case did not deny defendant
a fair sentencing hearing.  Thus, the alleged error is waived.
<u>Jones</u>, 178 Ill. 2d at 252.

Defendant further contends that the trial court failed to
strictly comply with Supreme Court Rule 605(a) (Official Reports
Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October
1, 2001) in admonishing him of his appeal rights and requests
that his cause be remanded for this purpose.  He argues that the
trial court failed to inform him that he had a right to file a

- 9 -

1-05-2181

motion to reconsider his sentence, which must include all issues
or claims of error regarding his sentence or challenges to the
sentencing hearing, that any issue not set forth in the motion
would be deemed waived, and that following a disposition on a
motion to reconsider his sentence, he could file a notice of
appeal but that notice must be filed within 30 days of the denial
of the motion to reconsider.  The State contends that remand is
not required because defendant has not challenged his sentence on
appeal.

We review a trial court's compliance with supreme court
rules de novo.  People v. Burdine, 362 Ill. App. 3d 19, 29
(2005).  Supreme Court Rule 605(a) requires a trial court to
admonish a defendant who has been found guilty and sentenced to
imprisonment at the time of imposing sentencing on how and when
to file an appeal of the sentencing decision.

The supreme court has recently held that where a trial court
fails to properly admonish a defendant as to how to preserve
sentencing issues for appeal, remand is required only where
defendant has been prejudiced or denied real justice as a result
of the inadequate admonishment.  People v. Henderson, 217 Ill. 2d
449, 466 (2005).  In addition, where a trial court does not
properly admonish defendant and defendant presents sentencing
challenges in his appeal, the reviewing court may take whatever
actions it deems appropriate, including hearing the challenges

- 10 -

1-05-2181

itself or remanding them to the trial court. <u>Henderson</u>, 217 Ill. 2d at 468.

In this case, we agree with defendant that the court's admonishments were incomplete; however, we find that he was neither prejudiced nor denied real justice as a result, and that remand is not required. <u>Henderson</u>, 217 Ill. 2d at 469-70. We have considered defendant's claim of trial court error excluding the mitigation evidence (<u>People v. Stewart</u>, 365 Ill. App. 3d 744, 752 (2006)), and note that defendant has not challenged the length of his sentence, nor pointed to any issues he was precluded from raising by the trial court's incomplete admonishments. <u>Henderson</u>, 217 Ill. 2d at 469-70. We therefore reject defendant's request for further remand.

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

THEIS, P.J., with GREIMAN and CUNNINGHAM, JJ., concurring.

**104307**

No._____

ORIGINAL

IN THE

SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE ~~OF THE~~ STATE OF ILLINOIS, <br> ~~Appellee,~~ <br> Respondent <br><br> vs. <br><br> MONTEZ BAKER, ~~(PRO SE)~~, <br><br> ~~Appellant,~~ <br> Petitioner | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

| |
|---|
| Petition for leave to appeal from the Appellate court of Illinois, First District, No.1-052181. <br><br> there heard on appeal from Circuit court of Cook county, Illinois, No.00-CR-20175 <br><br> The Honorable <br> Evelyn B. Clay, <br> Judge Presiding |

PETITION FOR LEAVE TO APPEAL

Prepared by:
Montez Baker, Pro se

Montez Baker
IDOC # K-70097
P.O. Box 711
Menard Corr. Center
Menard, Illinois
        62259-0711

FILED

MAR 1 4 2007

SUPREME COURT
CLERK

R-013107
No RH

No._____

IN THE

SUPREME COURT OF ILLINOIS

| | |
|---|---|
| People of the State of Illinois,<br><br>Appellee-<br><br>VS.<br><br>Montez Baker,(PRO SE).<br><br>Appellant. | Petition for leave to appeal from the Appellate court of Illinois,First District, No.1-05-2181.<br><br>There heard on appeal from circuit court of County,Il. No.00-CR-20175<br><br>Honorable,Evelyn B.Clay, J., Presiding |

PETITION FOR LEAVE TO APPEAL

May it please the court:

Montez Baker,Petitioner_Appellant,Hereby petitions this court for leave to appeal,pursuant to Supreme court rules 315 and 612,from the judgment of the Appellate court,First District,Third Division Affirming his judgment of the circuit court,from the remand to resentence and impose a consecutive sentence.See People V.Baker, No.1-05-2181(Jan 31,2007).

## PROCEEDING BELOW

The Appellate court Affirmed Montez Baker's judgment of the trial court,where the Appellant-Petitioner's conviction on direct appeal, was Affirmed,but vacated the concurrent sentences imposed by the court,and remanded for resentencing and the imposition of consec- utive sentences.See <u>People V.Baker</u>,No.1-03-0688(2004).(Unpublish- ed order pursuant to rule 23)

   On remand,petitioner was sentenced to consecutive prision terms of 25 years for murder and 5 years for Aggravated battery, respectively.See <u>People V.Baker</u>,No.1-05-2181(Jan 31,2007).

## COMPELLING REASONS FOR GRANTING REVIEW

The Appellate court erred in Affirming the trial court's error
in resentencing Mr.Baker without allowing him to present evid-
ence in Mitigation. The matter at issue in this appeal is whether
it is proper for a circuit court not to comply to the Language
of section 5-5-3(d) and 5-4-1(a) of the code,which required that
the trial court consider evidence of the defendant's life,Moral
character,and occupation during the time since the original sent-
ence was passed.See 730 ILCS 5/5-5-3(d)(west 2004).

## STATEMENT OF FACTS

On September 9,2002,following a bench trial,Montez Baker was found guilty of two counts of first degree murder,one count of aggravated battery. At sentencing the count sentenced Baker to 30 years in prison on the two counts of first degree murder, merged for sentencing. The court also sentenced Baker to a term of five years for aggravated battery,to run concurrent with the murder sentence. Baker's motion to consider sentence was denied.

Subsequently,On direct appeal,the Appellate court affirmed Baker's conviction and remanded the case for re-sentencing,finding that the circuit court was required to impose consecutive rather than concurrent sentences.<u>Baker</u>,No.1-03-0688(Nov 4,2004) Order P. at 7-8.

Pursuant to the Appellate court's order,the circuit court, on May 31,2005,resentenced Baker to 25 Years for the murder,consecutive to 5 years for the aggravated battery. On June 22,2005, Baker filed a timely notice of appeal,and the Appellate court affirmed the circuit court decision.See <u>People V.Baker</u>,No.1-05-2181(Jan 31,2007).See EXHIBIT "A"(Attached). No Jurisdictional issue is pending.

## ARGUMENT

TO HOLD AS DID THE APPELLATE COURT BELOW
THAT THE " PETITIONER WAS NOT ENTITLED "
TO 730 ILCS 5/5-5-3(d) AND 730 ILCS 5/
5-4-1(a),ON REMAND,WHERE THE TRIAL COURT
ON REMAND MUST HOLD A HEARING UNDER SEC-
TION 5-4-1,WHICH  PROVIDES," THE COURT
SHALL CONSIDER EVIDENCE AND INFORMATION
OFFERED BY THE PARTIES IN AGGRAVATION
AND MITIGATION.

In this case,the Appellate court erred and the trial court lacked

discretion where section 5/5-4-1,of the code provides " the court

Shall consider evidence and information offered by the parties in

Aggravation and Mitigation.730 ILCS 5/5-4-1(a)(west 2004).

The Appellate court cited People V.Young,124 Ill.2d 147

(1988),which determined that the statutory language of the code

shows that the court's decision as to whether to hear additional

post-conviction evidence is discretionary.Young,124 Ill.2d at 57.

The Appellate court erred,when it find that the trial court

was not required to consider evidence...before imposing consecu-

tive sentences on remand,and also erred when it concluded that

the failure did not deny defendant a fair sentencing hearing.See

Baker,No.1-05-2181,P.9,(Jan 31,2007).

Section 5-5-3(d),states that " when a case is remanded to the

trial court for sentencing the court must hold a hearing " under

section 5-4-1; [Section 5-4-1 of the code provides in pertinent

part: " That at a sentencing hearing,the court shall consider

evidence and information offered by the parties in Aggravation

and Mitigation.See 730 ILCS 5/5-4-1(a)(west 2004):730 ILCS 5/5-

5-3(d)(west 2004).

## Mandatory Strict

If a statute is mandatory strict compliance there with is requir-
ed.Read V.Sheahan,835 N.E.2d 887(2005). Generally "shall" indic-
ates a mandatory intent,and the Legislature's use of the word
" shall " in a stautory provision is regarded as evidence that
the Legislature intended the provision to be mandatory,rather
than directory.Id.

## Judicial Powers and Functions:

The court cannot rewrite a statute to make it consistent with
the court's idea of orderliness and public policy.In Re Estate
of Schle..ker,808 N.E.2d 995,205 Ill.2d 956(Ill 2004).

Supreme court cannot rewrite a statute under the guise
of statutory construction or depart from the plain language
of a statute by reading into it exceptions,limitations or con-
dictions not expressed by the Legislature.In Re Michel'e J,209
Ill.2d 428(Ill.2004).

This court must reconsider Young and the statutory language
of the code 5-4-1,which upheld the validity that the court's
decision as to whether to hear additional post-convcition evid-
ence is discretionary.Young,124 Ill.2d at 157.

Statute's presumption of constitutionality means that
courts must uphold the statute's validity if reasonably possible,
and party challenging the statute must bear the burden of clear-
ly establishing the statute's constitutional infirnity.Arvia
V.Madigan,209 Ill.2d 520(Ill.2004).

In this case,the petitioner Mr.Baker contends that the this court
must uphold the validity of section 5-5-3(d) AND section 5-4-1(a)
which provides:

> " The court shall consider evidence
> and information offered by the parties
> in Agravation and Mitigation.

Section 5-5-3(d),STATES THAT " when a case is remand to the trial·
court for sentencing," The court must hold a hearing under section
5-4-1,which may include evidence of the defendant's life,Moral
character and occupation during the time since the original sent-
ence was passed.

In this case,the re-sentencing judge did not have discre-
tion,under section 5-5-3(d),where it was mandatory to hold a hear
ing,and section 5-4-1,made it mandatory to consider evidence and
information by the petitioner in Mitigation.

The Appellate court erred when it failed to uphold the
statutory language and validity of section 5-5-3,and 5-4-1,where
the Legislature intent of the word "shall" AND "must" is Manda-
tory not discretionary.

This court in Young,also erred when it read into the Leg-
islature intent limitations or condictions not expressed by the
Legislature. Therefore,this court must reconsider the Young,case
and the Appellate court decision now before this court.

This court cannot rewrie a statute under the guise of
statutory construction or depart from the plain language of a
statute," where section 5-5-3 and 5-4-1,mandate that the court
hold a hearing and shall consider evidence and information offer-
ed by the parties in Aggravation and Mitigation.

This court cannot read into the two sections,exceptions,limita-
tions and condictions not expressed by the Legislature,as it
did in <u>Young,</u>and must conclude that the Appellate court erred
and <u>Young,</u>does not apply in this case.

This court must remand this case with instructions to
allow the petitioner Mr.Baker to include evidence of the defend-
ant's life,Moral character and occupation during the time since
the original sentence was passed.

_____

Footnote; The Appellate court held that the failure to(comply)
do so in this case did not deny defendant a fair sentencing
hearing.See <u>People V.Baker</u>,No.1-05-2181,page 9.

## CONCLUSION

The Appellant-Petitioner Montez Baker,Respectfully rquest that
this court grant leave to appeal,and find that the Appellate
court erred in the Affirmance of the circuit court failing to
allow Mr.Baker to present evidence in Mitigation; And reverse
the Circuit court order and remand the case for further proceed-
ings and with Instruction.

RESPECTFULLY SUBMITTED

Mr.Montez Baker

STATE OF ILLINOIS
SUPREME COURT

At a Term of the Supreme Court, begun and held in Springfield, on Monday,
the fourteenth day of May, 2007.

Present: Robert R. Thomas, Chief Justice
Justice Charles E. Freeman          Justice Thomas R. Fitzgerald
Justice Thomas L. Kilbride          Justice Rita B. Garman
Justice Lloyd A. Karmeier           Justice Anne M. Burke

---

On the thirty-first day of May, 2007, the Supreme Court entered the
following judgment:

No. 104307

People State of Illinois,                    Petition for Leave
                                             to Appeal from
        Respondent                           Appellate Court
                                             First District
        v.                                   1-05-2181
                                             00CR20175
Montez Baker,

        Petitioner


The Court having considered the Petition for leave to appeal and being fully
advised of the premises, the Petition for leave to appeal is DENIED.

As Clerk of the Supreme Court of the State of Illinois and keeper of the
records, files and Seal thereof, I certify that the foregoing is a true
copy of the final order entered in this case.

IN WITNESS WHEREOF, I have hereunto
subscribed my name and affixed the Seal
of said Court, this sixth day
of July, 2007.

*Juleann Hornyak*  Clerk,
Supreme Court of the State of Illinois

104307

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

May 31, 2007

Hon. Lisa Madigan
Attorney General, Criminal Appeals Div.
100 West Randolph St., 12th Floor
Chicago, IL 60601

No. 104307 - People State of Illinois, respondent, v. Montez
Baker, petitioner.  Leave to appeal, Appellate
Court, First District.

The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court

on July 6, 2007.

EXHIBIT U